## MERRIMACK.

---

### FLANDERS v. GREELY & a.

A vested remainder may be conveyed in mortgage.

BILL IN EQUITY, to foreclose a mortgage given by Simon Greely, one of the defendants, to the plaintiff, April 3, 1867, to secure a note for $59.55, dated January 1, 1861.  Facts agreed.

Some time prior to February 24, 1846, Insley Greely, of Wilmot, died, leaving a widow, Dolly Greely, and eight children, of whom Simon Greely was one, and the defendant Sarah Sargent was one.  Insley Greely left a will, whereby he gave "unto my beloved wife Dolly Greely, all my real estate and personal prop-

erty while remaining my widow, after paying my honest debts;" to his three daughters, Mary, Sally, and Cinda, one hundred dollars each. Then follows: "My will is, as Cinda is out of health, that if she remains so and is unable to support herself, that she shall have it from my property, and have one half of the house. My will is that if either of the three girls, or all of them should live unmarried, that they should have the privilege of half of the house after paying the above and my wife is done with the property. My will is that what is left be divided among my children, equal."

The testator left personal property appraised at $282.64, the "mountain farm" appraised at $600, and an undivided half of the "homestead farm" appraised at $650, in all $1,532.64.

Dolly remained his widow until her death in 1871. During her lifetime she exercised possession over all the property of the estate, taking the income; and on January 1, 1850, she conveyed away the "mountain farm" by deed. The mortgage from Simon Greely to the plaintiff was of "all his right, title, and interest in and to the homestead farm aforesaid."

After the death of Dolly Greely, the daughter Sarah presented a claim against her father's estate for six years' services in care of her mother,—$702.

John Greely, the executor, had not settled his account in the probate court, and an agreement under seal was executed by all the heirs, including Simon, for the appointment of referees "to adjust, consider, allow, and determine the amount Sarah Greely shall pay to each of the heirs after the debts against said estate are paid, by the heirs giving the said Sarah Greely a good, valid deed." The only estate at that time remaining was the "homestead farm."

April 18, 1871, the referees reported: "We find the estate of Insley Greely to be indebted in the sum of $800,—to wit, to Sarah Greely, for six years' work, $600; to John Greely, executor of said estate, the sum of $194.78. We also find estate, in our judgments and belief, to the amount of eight hundred dollars. Therefore the referees award, declare, determine, and say that the said Sarah Greely shall be allowed her claim of six hundred dollars against said estate, and that the said Sarah shall pay to the said John Greely the sum of one hundred and ninety-four dollars and seventy-eight cents, and that she is to pay no more money to any heir whatever of Insley Greely's estate." Accordingly the several heirs, including Simon, made and executed to Sarah releases of their respective rights in the homestead, and Sarah afterwards conveyed the same to the defendant Prescott, as set forth in the plaintiff's bill.

*W. W. Flanders* and *Bingham & Mitchell*, for the plaintiff.

*E. H. Woodman*, for the defendants.

ALLEN, J.   The interest of Simon Greely, the mortgagor and one of the children of Insley Greely, the testator in the homestead farm at the time the mortgage was made, was that of a residuary devisee in common with his brothers and sisters.   That interest vested in the devisee on the testator's death, subject to the payment of debts and legacies, the widow's use of the property during widowhood, the conditional support of the daughter Cinda, and the privilege of a home to the three daughters if they should remain unmarried.   That interest, therefore, was one that might be conveyed and passed by the mortgage.   Jones Mort., *s.* 136 ; 3 Wash. Real Prop. 88–90, 301, 302.

The claim of Sarah, one of the defendants, arose subsequent to the death of the testator, and cannot be made a debt against his estate to the payment of which Simon's interest is subjected or postponed.   The other children might join in the payment of the claim, and they are bound by their submission to arbitration and by the award of the arbitrators.   The mortgage was made prior to the submission and award, and, in fact, prior to the existence of most of the claim, and the plaintiff was not a party to the proceeding, and in no way recognized or consented to it, and his interest as mortgagee cannot be affected by it.   The debts, legacies, rights of the widow and daughters, to which Simon's interest was by the will subjected, are, so far as the case shows, satisfied. The debts and legacies are paid ; the death of the widow and two of the daughters, and the marriage of Sarah, were events which terminated their respective interests in the land, upon Simon's share of which no charge remains except the mortgage to the plaintiff, who is entitled to a decree of foreclosure of Simon's interest in the homestead.

*Case discharged.*

CLARK, J., did not sit : the others concurred.