Hillsborough, }
　June, 1896. }

## BURNHAM, *Adm'r*, v. CONCORD & MONTREAL RAILROAD.

In an action against a railroad company for negligently causing the death of an employee, evidence which all tends to prove that the deceased knew or ought to have known of the existence of the defect complained of does not warrant a submission of that question to the jury.

CASE, for injuries to the plaintiff's intestate, John B. Duquette, from an unblocked guard-rail on November 24, 1891, resulting in death on November 26, 1891. Trial by jury. The evidence tended to prove the following facts: At the time of the accident Duquette was employed by the defendants as one of a switching crew in the defendants' railroad yard at Nashua, and had been so employed for about two months, working in the night-time from 6 P. M. to 6 A. M. His usual work was coupling cars. On the night of the accident, the foreman being absent, he was placed in charge of the crew. In attempting about midnight to pull the pin for the purpose of uncoupling a car, he stepped between two moving cars, caught his foot in an unprotected guard-

rail, was thrown down, and injured. There were some two hundred similar opportunities for like accidents in the yard from switches, frogs, and guard-rails, none of which were blocked. In an adjoining yard of another railroad company all such constructions were protected by blocking. There was evidence tending to show that Duquette in the course of his employment had not coupled cars before in the part of the yard where he was injured. At the close of the evidence the defendants' motions for a nonsuit and that a verdict be directed for them were denied, subject to exception. The only question submitted to the jury was whether Duquette knew of the dangerous condition which caused his injury, or in the exercise of ordinary care could have known of it.

*Burnham, Brown & Warren*, for the plaintiff.

*Frank S. Streeter* and *Joseph W. Fellows*, for the defendants.

PARSONS, J. The plaintiff seeks to recover damages for injuries alleged to have been received in the course of his service by one Duquette, the defendants' employee, by reason of an unblocked guard-rail. The sole ground of defence is that Duquette assumed the risk. The only question submitted to the jury was whether Duquette knew or ought to have known the guard-rail was unblocked. The only question which we have considered is whether there was evidence upon which the jury could properly find that Duquette did not know, or, in the exercise of due care, would not of necessity have known, the guard-rail was unblocked. The familiar principle of general acceptation as well as recent decision in this court, that the servant assumes the risk of injury from the perils ordinarily incident to his service and also from special hazards existing because of the particular means or method used by the master in the conduct of his business of which the servant is informed or which ordinary care would disclose to him, is not disputed. *Fifield* v. *Railroad*, 42 N. H. 225, 240; *Nash* v. *Company*, 62 N. H. 406, 408; *Bancroft* v. *Railroad*, 67 N. H. 466; *Collins* v. *Car Company*, *ante*, p. 196.

To establish his case, therefore, upon the general issue (negligence in the defendant being admitted or not contested), the plaintiff was bound to prove that the special danger causing the injury was not known to Duquette, and in the exercise of ordinary care by him would not have come to his knowledge (*Hart* v. *Lockwood*, 66 N. H. 541; *Eastman* v. *Gould*, 63 N. H. 89; Wood Mas. & S. (2d ed.), s. 382; Wood R'y Law (1894), s. 386); or, in other words, that the risk of injury from the unblocked guard-rail by which he was injured was not assumed by him. There was no direct evidence that Duquette knew or did not

know.  He had been in the employ of the defendants for two months as a car coupler in the crew of the night switcher in the defendants' railway yard at Nashua, working from 6 P. M. to 6 A. M.  The duties of the crew in making up and separating the trains, coupling and uncoupling the cars, required and employed the use of the switches.  They were the instruments by which the work was done.  Duquette was twenty-eight years of age, and is to be presumed to have been of ordinary intelligence.  He was that night, in the absence of the foreman, in charge of the crew as " conductor of the switcher."  To perform his work he must have familiarized himself with the location and operation of the switches and other constructions of the yard.  His position that night in charge of the work tends to show that he had done so and understood the duty required of him.  In the yard where he worked there were a large number, some two hundred constructions, presenting the same danger, guard-rails, frogs, and switches, none of which were blocked.  All presented the same possibility of injury.  That they were unblocked was apparent upon inspection.  The want of blocking was open and patent.  It was not a secret defect.  *Collins* v. *Car Company, supra.*  The probable resulting injury to a person walking between the cars of a moving train who should catch his foot between the converging rails is matter of common knowledge, apparent to the dullest comprehension.  The evidence, what there is, bearing upon Duquette's knowledge, all tends to prove Duquette knew, not that he did not know.  There is no evidence upon which a jury could properly find that he did not know the guard-rails and switches of the yard were unblocked.  " It is scarcely to be credited that a man employed as a switchman, and who discharged his duties in the midst of a large number of such instruments, could possibly be ignorant of their shape, or of the fact that they were unblocked, or could fail to understand that there was a liability, or chance, to get one's foot caught in their converging rails and to suffer accident therefrom."  *Appel* v. *Railway,* 111 N. Y. 550, 553; *Mayes* v. *Railway,* 63 Ia. 562, 568.  Duquette's duty as a car coupler in all parts of the yard gave him at least equal opportunity and occasion for observation and knowledge.

It is claimed, however, that whatever follows from the evidence as to Duquette's knowledge of the want of blocking generally, that it did not appear he had had opportunity to be informed as to this particular rail.  But the construction of this guard-rail did not differ from other similar constructions in the yard.  The risk he assumed was that of working in a yard where the switches and guard-rails were unblocked.  Not having seen any blocking in the yard, he could not in the exercise of ordinary care have assumed, contrary to his entire experience during the

time of his employment, that this one was blocked, even if he had not had opportunity to become informed as to this particular spot. Had the yard generally contained blocked rails, or rails both blocked and unblocked, it might have been a question of fact whether in the exercise of ordinary care he could not have understood this rail was blocked; but no such question is presented by the case.

*Verdict set aside ; judgment for the defendants.*

CHASE and WALLACE, JJ., did not sit : the others concurred.