Coös,
Feb. 3, 1914.

SAMUEL E. RICHARDSON, *Adm'r*, v. CONNECTICUT VALLEY
LUMBER CO.

A servant cannot recover for injuries resulting from his attempt to thaw dynamite before an open fire, when the testimony of his witnesses discloses that he was warned by his immediate superior to keep the explosive away from the blaze and it does not appear that the master directed or acquiesced in the method adopted.

CASE, for personal injuries. The plaintiff's intestate, Joseph Valley, while in the employ of the defendants, was killed by an explosion of dynamite which he was attempting to thaw before an open fire. The dynamite ignited, and Valley took the burning fragment in his hands for the purpose of extinguishing the flame. An explosion occurred, causing injuries from which he died shortly afterward.

The plaintiff alleged that the defendants were negligent in failing to employ suitable fellow-servants and to furnish suitable appliances for thawing dynamite. The court (*Pike*, J.) ruled that there was no evidence to warrant a submission of the case to the jury on either ground, but submitted the question of the defendants' negligence in failing to warn Valley of the danger of thawing the dynamite before an open fire. The defendants' motions for a nonsuit and the direction of a verdict in their favor were denied, subject to their exceptions. The jury having disagreed, the defendants filed a bill of exceptions which was allowed. The evidence was made a part of the bill of exceptions. Transferred from the April term, 1913, of the superior court.

*Burritt H. Hinman* and *Sullivan & Daley* (*Mr. Hinman* orally), for the plaintiff.

*Drew, Shurtleff & Morris* (*Mr. Morris* orally), for the defendants.

PARSONS, C. J. The plaintiff's intestate was killed while attempting to thaw frozen dynamite by an open fire. The dynamite took fire, and he, against the expostulation of a fellow-workman who called his attention to the danger of explosion, took the burning piece in his hand, saying it would not explode unless given a sudden jar. The fragment, however, did explode, and he received injuries from which he died.

If the explosion of the dynamite was due to a jar received in handling it, that the deceased knew and assumed the risk is apparent. There was evidence, however, that while dynamite may burn without explosion, it may explode from the action of fire without concussion. Upon this evidence, despite the twenty years' experience in the use of dynamite claimed by Valley and his successful management of it in a large number of cases in the course of his employment by the defendants, it could be found Valley did not know or appreciate all the perils connected with burning dynamite; and the questions would be, whether he was killed by a peril of which he knew and the risk of which he took, or by the one of which he did not know, and, if the latter could be found without evidence, whether the defendants are in fault for not specially warning him. These questions are material if the risks were encountered in the course of Valley's employment.

"A servant who voluntarily, without the direction or acquies-

cence of the master, engages in work he was not hired to perform, assumes the risk of injury from dangers peculiar to such service." *McGill* v. *Company*, 70 N. H. 125; *Parent* v. *Company*, 70 N. H. 199, 200. If it could be found that by express contract, or by implication from the general method of doing business, or by acquiescence in the methods adopted by Valley, the defendants employed Valley to thaw dynamite by an open fire, recovery could be had for injuries received by Valley in such employment if he was justifiably ignorant of the perils attendant upon the operation of which the defendants negligently failed to inform him —the burden being on the plaintiff to establish Valley's ignorance without fault, the defendants' failure to warn, and Valley's death from the risk he did not assume. *Burnham* v. *Railroad*, 68 N. H. 567, 568; *Hicks* v. *Company*, 74 N. H. 154, 157.

But it is not necessary to consider the possible existence of evidence sufficient to sustain the burden on these issues, for there is no evidence that Valley was employed to thaw dynamite by an open fire. On the contrary, the uncontradicted evidence is that thawing dynamite in this way was no part of the service for which Valley was employed. The plaintiff's evidence was that Murphy, Valley's immediate superior, told him to be careful and keep the dynamite away from the fire, and that a pail was provided for thawing it by means of warmed water; while the defendants' evidence was that Valley was repeatedly directed not to thaw it by an open fire, but to use the pail, and was expressly warned of the danger of explosion from fire. If the jury were at liberty to disbelieve the defendants' witnesses as to the manner in which he was employed to thaw dynamite and the instructions given him as to the danger from fire, their conclusion that the witnesses were testifying falsely did not transform the negative evidence into affirmative proof that an open fire was the method the defendants authorized Valley to use, or that they acquiesced in such use, or that they failed to inform him of the danger.

As upon the plaintiff's evidence Valley was instructed to keep the dynamite away from the fire, in the absence of evidence of an exception when thawing was necessary and in the presence of evidence that appliances for thawing in another way were provided, it cannot be found the defendants employed Valley to thaw it in this way. Not directing or authorizing such process, or acquiescing in its use, there was no occasion for warning as to its perils,

which the defendants' evidence, if believed, establishes were fully explained to Valley.

*Exceptions sustained.*

PLUMMER, J., did not sit: the others concurred.