Hillsborough,
April 6, 1920.

ARVED L. BJORK, *by his next friend* CLAUS W. BJORK *v.*
UNITED STATES BOBBIN & SHUTTLE CO.

In an action at common law by an employee against his employer, who has accepted the provisions of Laws 1911, *c.* 163, the plaintiff must establish that the injury arose from a risk which he did not assume, and that the defendant's negligence caused the injury.

A servant having the burden of proving non-assumption of risk did not directly deny knowledge of the danger but there was evidence from which it could be found that he did not assume the risk. An instruction that the jury could not find assumption of the risk was error.

When the jury have been instructed that their finding of certain facts will require a verdict for the plaintiff, a refusal to inform them, when requested, that their failure to find those facts requires a verdict for the defendant is reversible error unless a verdict for the plaintiff may be properly rendered on other grounds.

Though a plaintiff is not required to allege in writing the details of the negligence upon which he relies, he cannot sustain a verdict upon grounds of negligence which, though deducible from the evidence, were not presented at the trial.

The assertion by counsel in argument that from his own knowledge the testimony of a witness is true is ground for setting aside the verdict.

CASE, for injuries received while in the defendants' employ. Trial by jury and verdict for the plaintiff. The defendants had duly ac-

cepted the provisions of the employers' liability and workmen's compensation act, *c.* 163, Laws 1911.

The plaintiff, who was sixteen years of age at the time of the injury, was employed to take away from a saw fed by another employee. He was so engaged about five hours in the forenoon of the day of his employment. In the afternoon he was given other work and the next morning at his request was again put on the saw and was injured soon after beginning work. He was instructed to be careful not to get his hands upon the saw and appreciated that danger. His evidence tended to prove that a piece of wood which he had grasped to take away from the saw suddenly sprang or jumped back dragging his hand upon the saw and causing the injury; that this kicking or jumping back of the material being sawed was something likely to occur; that he did not know this danger and was not warned of it by the defendants or instructed how to avoid injury thereby. The defendants requested the court to instruct the jury that, if they found the injury was not due to any jumping or shooting back of the piece of wood as the plaintiff claimed, their verdict should be for the defendants, and excepted to the failure to give this instruction and to the instruction that there was no evidence the plaintiff assumed the risk of injury from the jumping back of the stick that was being sawed and that the jury could not find the plaintiff assumed the risk of injury if they believed it was so caused.

There was also an exception to the following argument of plaintiff's counsel. "It appears in the testimony here that Mr. Jordan and myself saw that machine some day last July, and seeing it, and knowing the young man was right [as to the distance of the spreader from the saw], what was our duty? Was it my duty to retire from the case and take the witness stand, or was it the duty, if it could be done . . . to let somebody else do it."

Transferred from the January term, 1919, of the superior court, by *Branch*, J.

*Taggart, Tuttle, Wyman & Starr* and *John R. McLane* (*Mr. Wyman* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendants.

YOUNG, J. If the language counsel used in the statement excepted to is given any meaning of which it is fairly capable, he was

attempting not only to justify his associate for testifying but also to justify himself for not taking the witness stand. As his associate had testified, his veracity was in issue, consequently counsel was well within his rights in making so much of the statement as asks the jury to find that it was his associate's duty to testify if he knew any facts that would aid it in its search for the truth. But that is not true as to that part of the statement in which he asks the jury to find that he was justified in not taking the stand notwithstanding he knew "the young man was right." That part of the statement could only have been made to bolster up his contention that the spreader was three or four inches from the saw at the time the accident happened.

In other words, counsel was testifying rather than advocating his client's cause when he made this statement.

*Exception sustained: new trial.*

All concurred.

Upon the filing of the foregoing opinion, the plaintiff moved for a rehearing and argument on the motion was invited.

*Taggart, Tuttle, Wyman & Starr* and *John R. McLane* (*Mr. Wyman* orally), for the motion.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), opposed.

PARSONS, C. J. The enlarged liability to employees imposed upon the employer in certain employments under c. 163, Laws 1911 by section 2 of the act does not apply to an employer who has accepted the provisions of the act, *Ib., s.* 3. In such case the existing right of action at common law is preserved to employees who elect such action instead of the compensation established by the act. *Ib., s.* 4. Hence the present action is at common law and the statute is inapplicable.

The jury therefore were properly instructed that the plaintiff to recover must establish that the injury arose from a risk which he did not assume, and that the defendants' negligence caused the injury. See Laws 1915, c. 148.

His claim was that he was injured by the sudden jumping back of the piece of wood which was being sawed, that such an event was

so common that it was negligence in the defendants not to warn him
of the danger, that he had no knowledge of it and was not warned
or instructed with reference to it.   The defendants concede that
there was evidence for the jury in support of the plaintiff's conten-
tions but they insist upon their exception to the instruction given
the jury after the general ones above referred to that there was no
evidence that the plaintiff assumed the risk of injury from the jump-
ing back of the stick which was being sawed, and that they could
not find he assumed the risk if his injury was so caused.   The burden
of proof as to the non-assumption of risk was on the plaintiff.   *Rich-
ardson* v. *Company*, 77 N. H. 187, 189; *Hicks* v. *Company*, 74 N. H.
154, 157; *Burnham* v. *Railroad*, 68 N. H. 567, 568.   Consequently
under the authorities and the law of the case as laid down earlier in
the charge, the absence of evidence tending to show the plaintiff
assumed the risk would not justify the instruction that the jury
could not find the plaintiff assumed the risk.   As the burden of prov-
ing non-assumption rested with the plaintiff, the only finding pos-
sible if there were no facts in proof from which inferences could be
drawn was necessarily against the plaintiff.   To recover, as stated in
*Burnham* v. *Railroad*, 68 N. H. 567, 568, "the plaintiff was bound to
prove . . . that the risk . . . by which he was injured was not
assumed by him."   In that case complaint was made of the presence
of unblocked frogs in the railroad yard in which Duquette the plain-
tiff's decedent worked as the cause of his injury.   Duquette's testi-
mony not being available and the inferences deducible from the facts
in proof tending to establish knowledge rather than ignorance on his
part of the unblocked condition of the yard, it was held there was
nothing for the jury.   In the present case it is conceded the facts
proved authorize the inference that Bjork did not know the danger
which he alleges as the cause of his injury.   But because the jury
might find the issue favorably to the plaintiff, it does not follow that
they are required to do so as matter of law, which was the necessary
effect of the instruction that this issue could not be found for the
defendants.

Though the plaintiff testified at length to his lack of acquaintance
with sawing machinery, that he had never been instructed as to the
possibility of the stick which was being sawed jumping or being
drawn back and that he had not, as he remembered, seen a stick
drawn back while it was being sawed, he was not asked and did not
testify directly as to his knowledge on the subject.   While the evi-
dence was clearly sufficient to authorize the jury if they believed

the plaintiff to find his ignorance, the explanation of his failure to assert his ignorance in terms was for the jury. *Mechanics Sav. Bank* v. *Feeney, ante,* 267. To establish the defendants' negligence in failing to warn the plaintiff of the possibility of a stick flying back when being sawed the plaintiff introduced evidence that this was something which might frequently happen in sawing material such as was being worked. The weight of this evidence as tending to establish similar jumping or flying back during the plaintiff's five hour employment the previous day was for the jury. Whether the plaintiff assumed the risk was a question of fact and the instruction disposing of the question as matter of law was erroneous.

The jury were instructed that if there was danger that the stick which was being sawed might jump or fly back it was the defendants' duty to warn the plaintiff of the danger and to instruct him how to avoid it, and that if this duty was not performed and the plaintiff's injury resulted from such failure of duty without fault on his part, the defendants were liable. The defendants requested the converse of this instruction that they were not liable unless the injury was occasioned as the plaintiff claimed. While it has been held that if the jury are instructed in general terms as to the law applicable to the case failure to instruct upon request as to the effect of particular evidence is not error, it is now considered that "the fairness of a trial requires that the charge shall inform the jury what the law is in its application to the case, when a proper request therefor is made." *Simoneau* v. *Railway;* 78 N. H. 363.

With greater reason, in order to render the trial fair, when attention has been called to certain findings of fact as requiring a verdict for one party is it necessary to inform the jury when requested that the failure to reach such conclusions requires a verdict the other way, unless the first party may properly recover upon other grounds. The plaintiff put his case upon the ground that he was injured in a particular way; his charge of negligence was of failure to warn him of this danger. As the case is understood no other claim was made except as to the position of the sword or dividing blade behind the saw, which as a ground of recovery was taken out of the case by the charge.

After telling the jury that they could not find the plaintiff assumed the risk of injury from the particular danger of which he complained, they were told if they found the injury happened in some other way, they should consider whether the risk causing the injury was one the plaintiff assumed. The jury must therefore have understood

that even if they found the stick did not jump back and drag the plaintiff's hand upon the saw, still upon some ground not pointed out they might find a verdict against the defendants. The issue made by the plaintiff was clear and distinct and by it the case should have been determined. The position of the spreader being out of the case the plaintiff contends in his brief that it was negligence sufficient to authorize a recovery for the defendants to put a boy of the plaintiff's age at work of this character. Whether the plaintiff could succeed on this basis or not, it is clear this was not the case tried.

While under our practice a plaintiff is not required to allege in writing the details of the negligence upon which he relies he cannot sustain a verdict upon grounds of negligence which were not presented at the trial, although deducible from the evidence. *Gage* v. *Railroad,* 77 N. H. 289. As the case is understood this claim of liability was not raised at the trial. If it was not, the requested instruction should have been given.

Upon the motion for rehearing it has been argued that the statement of counsel which was considered testimony was in fact merely the statement of an inference legitimately deducible from the evidence. The argument is not without weight and upon further consideration the court are not unanimous as to the view which should be taken of what was said. As the verdict must be set aside on other grounds, it is not necessary to pass on this exception. There can be no doubt however that what was said was dangerously near the line even if it is possible to justify the expressions used. The argument which it is claimed counsel intended to make could easily have been made in such form that the charge of intentionally giving the jury information as to counsel's personal observation could not have been made. See *Carpenter,* J., *Mitchell* v. *Railroad,* 68 N. H. 96, 117.

The order heretofore made is not disturbed.

*Exceptions sustained.*

PEASLEE, J., was absent: the others concurred.