Hillsborough,　}
April 4, 1922.　}

### JOSEPH DESHAIES v. RAYMOND CONCRETE PILE CO.

A reasonably safe method of operation, customarily followed, is in effect equivalent to the establishment of reasonable rules by an employer, so far as his duty in this respect is concerned.

Where the situation in the use of appliances which cause an injury to an employee presents no complicated or hidden element of danger, there is no occasion for a rule or instruction as to their use.

Where the danger to an employee from the joint use of a roadway by workmen and trucks is open and apparent, it cannot be found that he did not assume the peril of such use.

At common law an employer is not liable for injuries inflicted upon a servant by the negligence of a fellow-servant.

CASE, to recover for injury while in the defendants' employ. The defendants were engaged in excavation and concrete construction. The excavation involved blasting and the use of a steam shovel. The plaintiff was a carpenter and had been engaged for about two weeks in building cement forms near the excavation. There were some twenty-five or thirty-five men including the plaintiff at work on the job so near the place where the blasting was done that it was necessary for them to leave their work whenever a blast was to be

fired, which was two or three times a day. When a blast was to be fired the steam whistle was blown; when all the men left their work and sought a place of safety. While so doing, the plaintiff received the injury for which suit is brought. The place where the plaintiff worked and the steam shovel was in operation was a pit or hole made in the course of the work. The material excavated by the shovel was drawn out of the pit by motor trucks over a road which at one point was too narrow for two trucks to pass each other. There was a place where the empty trucks returning after unloading could turn and back into the pit under the shovel or they could turn after reaching the pit. When the whistle was blown on this occasion one truck was being loaded under the shovel while an empty one was in the pit ready to take its place for loading. When the whistle sounded, the empty truck commenced to back out of the pit followed by the other. In backing out, the first truck got out of the road and it became necessary for it to go ahead in order to get into the road again. The following truck stopped and backed to give room for this maneuver. The plaintiff and another employee, who were following the trucks, being pushed by another workman slipped and fell immediately behind the truck, which backed onto them, causing the injury. There was evidence that in addition to the signal given by the whistle, men were stationed to observe and notify the one exploding the blast when all the men were in places of safety and that before firing the blast a further signal by crying "fire" was given, but that on one occasion the blast had been fired before all the men had reached places of safety. The defendants had accepted the provisions of the workmen's compensation act.

Trial by jury before *Sawyer*, J., who ordered a nonsuit at the close of the plaintiff's evidence, and reserved and transferred the defendants' exception thereto from the January term, 1921, of the superior court.

*Albert Terrien, Arthur A Tremblay* and *Lucier & Lucier (Mr. Alvin J. Lucier* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* and *Doyle & Doyle (Mr. Jonathan Piper* orally), for the defendants.

PARSONS, C. J. The sole ground upon which the plaintiff seeks to hold the defendants responsible for his injury is the alleged absence of rules and regulations in the conduct of the work. The special

danger to the workmen was the use of explosives in close proximity to their work-place. As to this, it was plainly the duty of the defendants at least to establish such a method of operation as would reasonably protect their employees from this occasional danger.

"A reasonably safe method of operation, customarily followed, is in effect equivalent to the establishment of reasonable rules, so far as the employer's duty in this respect is concerned." *Parmaleau* v. *Company,* 75 N. H. 69, 71. It cannot be found that the manner in which this work was done, with the precautions taken for the safety of the workmen before the blasts were fired, detailed in the evidence, did not constitute a reasonably safe method of operation. However this may be, the plaintiff was not injured by any lack of defendants' care in blasting.

He was injured while walking in the roadway, behind one of the defendants' trucks, by the truck running backward a few feet. It is not at all probable he would have suffered any injury by the backing of the truck except for the fact that just at this moment being pushed by another workman, he stumbled and fell in the path of the truck. If the injury arose from the careless operation of the truck or the fault of the one who pushed or fell upon him, the injury was due to the negligence of a fellow-servant, for which in this common law action no recovery can be had against the common employer. If there was no such negligence, the plaintiff's injury in the absence of negligence on his part was a pure accident, the unforeseeable result of the unexpected situation disclosed in the evidence.

While the plaintiff contends in his brief that it could be found from the evidence that rules were necessary for the safe conduct of the defendants' business, he fails to specify any rule the want of which could be found the cause of his injury. There was no evidence that for a second truck to follow another into the pit and there turn to take its place under the shovel was not as reasonable and safe a method of doing the work as the alternative method of backing in after the first truck came out. It is true, if no second truck had been allowed in the pit, the occasion of the stopping and backing of the truck which injured the plaintiff would not have existed. But it does not follow that something else might not have occurred to cause this truck to stop and back. The situation which caused the injury was the use of the roadway for trucks and men at the same time. There was nothing complicated or hidden about it. Hence there was no occasion for a rule or instruction as to the joint use of the means of exit by trucks and men. *Parmaleau* v. *Company, supra,*

71; *McLaine* v. *Company*, 71 N. H. 294, 297. The plaintiff had been on the job two weeks, and this use of the roadway because a blast was imminent took place two or three times a day. The danger from workmen and trucks jointly using this roadway for such a purpose was open and apparent to the plaintiff's observation. Hence it could not be found that he did not assume the peril of such use, if any there was. *Bjork* v. *Company*, 79 N. H. 402, 405.

*Exception overruled.*

Plummer, J., was absent: the others concurred.