Hillsborough, }
Jan. 2, 1923. }

PEARL JAMES REED *v.* BOSTON & MAINE RAILROAD.

Whether a document offered in evidence is sufficiently authenticated to be admitted in evidence is a question of fact for the trial judge; whether the evidence before him authorized such finding is a question of law which the supreme court will not pass upon without the evidence.

The Carlisle mortality tables as printed in Morrison's Probate Directory are admissible in the absence of any evidence to impugn their authenticity.

A general exception to a charge is unavailing.

ACTION, for injuries suffered by a traveler on defendants' car. Trial by jury with verdict for the plaintiff, before *Branch,* J., who at the January term, 1922, of the superior court, allowed the defendants' bill of exceptions, as follows:

The defendants excepted (1) to the admission of the Carlisle tables of the average expectation of life, as follows:

"*Mr. Upton* [counsel for the plaintiff].  I offer the Carlisle mortuary tables, so called, which show that a person fifty years of age has an expectancy —

*Mr. Warren* [counsel for the defendants].  I want an exception to this.

*Mr. Upton.*  of 21.11 years.

*The Court.*  Do you object to that particular table or to any table?

*Mr. Warren.*  Not that one in particular; to any.  I simply object to what he offers."

and (2) to the following paragraph of the charge to the jury:

"I wish at this time to thank you, on behalf of the county, for the efficient service which you have rendered here.  Since you came, some three weeks ago, we have avoided the misfortune of a disagree-

ment in any case, and that is an index of efficient service on the part of jurymen."

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Wdrren, Howe & Wilson* (*Mr. Warren* orally), for the defendants.

PARSONS, C. J. "The mortality tables were competent evidence of the plaintiff's expectation of life. 3 Wig. Ev., s. 1698." *Piper* v. *Railroad,* 75 N. H. 228, 234. This the defendants concede, but they contend that their objection "to what he [plaintiff's counsel] offers" was an objection to the authenticity of the document or paper offered as representing the Carlisle tables. That the language used did not definitely bring this objection to the attention of the court might be a sufficient answer to the claim now made but, conceding such an objection was properly made, the case presents nothing for this court. Whether the document offered was sufficiently authenticated to be admitted in evidence was a question of fact ordinarily decided by the trial judge, and which was decided by him in permitting the use of the evidence. Whether the evidence before him authorized such finding is a question of law which this court cannot pass upon without the evidence. The burden is on the objecting party to establish error in the proceedings at the trial. As the evidence upon which the court found the offered proof sufficiently authenticated is not presented by the bill of exceptions, the question of its sufficiency is not here. *Richardson* v. *Railroad, ante,* 370; *Dunklee* v. *Prior, ante,* 270.

It was stated in argument, however, that the proof offered was of the tables printed in Morrison's Probate Directory. While this is not an official publication, it was published over fifty years ago and has been much used and relied upon in probate proceedings. The life and annuity tables contained therein are stated in the preface to have been prepared with the assistance of a well known authority. Coming from such a source and having been used and recognized for so long in the courts, the publication is some evidence of the authenticity of the Carlisle tables as therein printed and in the absence of any evidence to the contrary authorizes the finding made. 22 C. J., pp. 926, 927. For confirmation of Morrison's figures see Ency. Brit. (9th *ed.*), Vol. 13, *p.* 170.

The remark of the court complimenting the jury upon the efficiency of their prior service does not appear to have been made

with reference to the particular case before them. If the defendants thought it might be so regarded and that it was, if unqualified, liable to lead the jury astray, it was their duty to suggest the qualification desired. They take nothing by the general exception. *Burrill* v. *Alexander*, 75 N. H. 554, 556; *Bourassa* v. *Railway*, 75 N. H. 359, 362.

*Exceptions overruled.*

SNOW, J., did not sit: the others concurred.