Grafton,   }
Feb. 6, 1923. }

### LEROY S. KNIGHTON v. CUSHMAN-RANKIN CO.

In an action at common law against the employer for injuries, the employee is bound to offer evidence that the risk of the injury was not assumed by him.
A finding by the presiding justice that a trial was not rendered unfair by argument disposes of the claim that the jury may have based their verdict upon inferences which they might not legally draw.

CASE, for injuries received while employed by the defendant, who had accepted the provisions of chapter 163, Laws 1911. Trial by jury and verdict for the defendant. The defendant's motion for a nonsuit was denied subject to exception. The plaintiff excepted to portions of the argument for the defendant. The presiding justice, *Kivel*, C. J., subject to the plaintiff's exception, found as a fact upon defendant's motion that the trial was not rendered unfair by the argument to which exception was taken, and transferred the case upon these exceptions from the January term, 1922, of the superior court. The facts are stated in the opinion.

*George W. Pike* and *Fred S. Wright*, for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. William N. Rogers* orally), for the defendant.

PARSONS, C. J. As the suit was at common law the plaintiff in this suit against his employer was bound in order to go to the jury

to offer evidence that the risk of the injury which he suffered was not assumed by him. *Bjork* v. *Company*, 79 N. H. 402; *Cassidy* v. *Corporation*, 79 N. H. 427.

Being an experienced workman, the plaintiff assumed all the ordinary risks of the business and the special hazards arising from the way the business was carried on of which he knew or which ordinary care would have informed him. To recover he was bound to prove that his injury was caused by a special danger of which he did not know and which in the exercise of ordinary care would not have come to his knowledge. *Burnham* v. *Railroad*, 68 N. H. 567.

The defendant was engaged in the manufacture of leather-board. The plaintiff had been employed in the mill seventeen years and had acted as superintendent eight or nine years and was so acting at the time he was injured. He fainted while standing on a platform or deck, hanging sheets of leather-board to dry, and fell to the floor below. He complains of the heat on the drying platform and because the defendant did not warn him he might faint and fall and because of the absence of fans. But in view of the plaintiff's experience in the business of which he had charge at the time of his injury, it is difficult to see how on any evidence which could be produced it could be found he did not know and understand all the perils of which he now complains.

The verdict of the jury has, however, cured the error in denying a nonsuit, if there was one. The exceptions to argument are unimportant. Counsel did not introduce any facts not in evidence. If he had such purpose in mind, it was checked by the prompt objection of the plaintiff, and counsel skilfully avoided the pit into which possibly he might otherwise have fallen. If the reference to the defendant as a "little company" was intended as a prelude to an appeal to the prejudices of the jury, the appeal was not made.

All that was said was within the evidence and the finding of the court disposes of the claim that the jury may have based the verdict upon inferences that they might not legally draw. *Stowe* v. *Payne*, *ante*, 331, 334.

*Plaintiff's exceptions overruled.*

YOUNG, J., was absent: the others concurred.