Grafton,     }
March 3, 1925. }

### E. A. STROUT FARM AGENCY *v.* CHARLES H. HOSFORD, *Adm'r.*

The fact that an estate will descend to a party, subject to the claims upon it, does not make his admissions evidence against the administrator.

Agency cannot be proved by the admissions of the person alleged to have acted as agent.

ASSUMPSIT, to recover a commission for obtaining the purchaser of a farm owned by defendant's intestate, Martha E. Worthen. Trial by jury and verdict for defendant. Suit to recover this commission was originally brought against Fayette Worthen, son of Martha. *Ante*, 95. Fayette is the sole heir-at-law of Martha. He was in California at the time the present case was tried. During the trial plaintiff's counsel made the following offer:

"The plaintiff offers the testimony of Fayette Worthen given at the trial of the case of E. A. Strout Farm Agency *v.* Fayette Worthen, 122 Atl. 327, on the ground that Fayette Worthen is the real party in interest in the case, being sole heir-at-law of Martha E. Worthen, and being absent from the state. The plaintiff offers to show by said Worthen's testimony his admissions of agency for Martha E. Worthen."

This evidence was excluded by *Marble*, J., and the plaintiff excepted.

*George W. Pike* and *Fred S. Wright*, for the plaintiff.

*Charles H. Hosford* and *David S. Conant* (of Vermont), for the defendant.

PEASLEE, C. J. The offer of testimony given in a former suit against a third party was put upon the ground that the heir is the real party in interest. Its admissibility is now urged upon the further ground that the present defendant is a privy of the former one. It is evident that this defendant's decedent was in no way connected with the prior litigation. If she were still alive the present claims would clearly be without foundation. It is not perceived how the facts of her death and the consequent defense by her administrator in a suit against her estate affect the situation. No rights are claimed either through or from the former defendant. *Dickinson* v. *Lovell*, 35 N. H. 9; *Weir* v. *Allen*, 51 N. H. 177; *Flanders* v. *Greeley*, 64 N. H. 357.

The question of who is a party in interest has arisen when it has been sought to use the contributory fault of one to whom damages for wrongfully causing death are to be ultimately paid as a defense to the suit brought by an administrator. The holding in that case was that the interest of the beneficiary is "only an incident to the suit" and does not make him a party. *Warren* v. *Railway*, 70 N. H. 352, 362. The distributee is not the party in interest. A like conclusion has been reached where attempts have been made to use the admissions of legatees as evidence against an executor. *Carpenter* v. *Hatch*, 64 N. H. 573; *Gibson* v. *Boston*, 75 N. H. 405. The fact that an estate will descend to a party, subject to the claims upon it, does not make his admissions evidence against the administrator. *Taylor* v. *Railway*, 48 N. H. 304. See also, *Carleton* v. *Patterson*, 29 N. H. 580. All these cases turn upon the question whether there is such a relation that the nominal party can be charged with the words or acts of another, who is in fact conducting the litigation on his own behalf and is therefore to be treated as the real party.

It follows that, as the administrator is not in privity with the party who defended the former suit, and the latter is not the party in interest here, the evidence introduced in that suit was properly excluded at the trial. *Morrison* v. *Noone*, 78 N. H. 338, 341, and cases cited.

The further claim that the evidence should have been received as an admission by an agent is equally untenable. The point in controversy was the existence of the agency, and it is elementary law that this cannot be shown by the hearsay statements of the alleged agent. *Bohanan* v. *Railroad*, 70 N. H. 526.

*Exception overruled.*

MARBLE, J., did not sit: the others concurred.