Hillsborough, }
Dec. 3, 1925. }

### GEORGE W. MONTEITH v. MANCHESTER RENDERING COMPANY.

Failure to object to the submission of an issue to the jury is equivalent to consent to its submission, and the implied ruling that there is evidence in support of the issue becomes the law of the trial.

An epileptic employee having been injured while suffering from an attack of his disease, it was not error to instruct the jury that the defendant's knowledge of the plaintiff's disease was a circumstance in the light of which its conduct in furnishing a place for him to work was to be judged.

A general exception to an instruction does not raise special grounds of objection not suggested at the time of taking the exception.

CASE, for negligence to an employee. Trial by jury and verdict for plaintiff. Transferred by *Branch*, C. J., on exceptions to the charge.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the plaintiff.

*Warren, Howe & Wilson, George I. Haselton* and *Samuel J. Dearborn* (*Mr. Dearborn* orally), for the defendant.

ALLEN, J. The plaintiff was an epileptic, and the defendant excepted to the instruction that its knowledge of the plaintiff's disease was a circumstance in the light of which its conduct in furnishing a place for him to work was to be judged. Whether the plaintiff had an attack of his disease at the time he was hurt was an issue submitted to the jury without objection, and the defendant's position

here taken that there was no evidence of the .plaintiff's suffering from an attack when hurt may not be maintained. The non-objection to the submission of the issue was a consent to it, and the implied ruling that there was evidence in support of the issue became the law of the trial. Its acceptance by the defendant estops it from now taking an inconsistent position. *Morrison* v. *Noone,* 78 N. H. 338. It follows that consideration of the sufficiency of the evidence to raise the issue is not here to be given.

The defendant's knowledge of the plaintiff's condition entitled him to special protection so far as due care would give it to him, and the instruction was correct in its application to an injury sustained when the plaintiff had an epileptic attack. It may be conceded that the instruction was given too broadly in its general application, regardless of the plaintiff's having or not having an attack when hurt, since the defendant owed him no duty of special protection except as related to an attack. In the absence of an attack the breach of duty to guard against it cannot be made a ground of liability. Causal connection between such breach and the injury is missing. *Lindell* v. *Stone,* 77 N. H. 582, and cases cited.

Nevertheless, the exception was general, and the only question transferred by it is whether the instruction should have been given at all. To present the question whether it should have been given with qualification and limited to the situation of the plaintiff's having an attack when hurt, the exception when taken should have been accompanied with a statement of such ground for it, so that the court, having notice, might have opportunity to make the qualification. The general character of an exception does not extend to special grounds for it not suggested at the time it is taken. *Bourassa* v. *Railway,* 75 N. H. 359, 361, 362, and cases cited; *Gardner* v. *Company,* 79 N. H. 452, 456, 457; *Reed* v. *Railroad,* 80 N. H. 505.

The other exception to the charge is waived.

*Exceptions overruled.*

All concurred.