Rockingham, }
Feb. 4, 1930. }

JEREMIAH SWEENEY, *Adm'r, v.* HARRY WINEBAUM *& a.*

*Sleeper & Perkins* (*Mr. Perkins* orally), for the plaintiff.

*Ernest L. Guptill, John L. Mitchell* and *Ralph G. McCarthy* (*Mr. Mitchell* orally), for the defendants.

ALLEN, J. The·defendants are understood to concede that the intestate may be regarded as an employee of theirs in helping to carry the box, and it is their position that he assumed the risk of the injury he received. The position is well taken.

The plaintiff had the burden to show that the risk was not assumed (*Zajac* v. *Company*, 81 N. H. 257, 261, and cases cited), and so far as appears, the intestate knew as well as the defendants of his impaired health and how far it was proper for him to undergo strain. And there is nothing to show that he did not know as well as they did how much strain he was likely to undergo in doing the work.

An employer's common-law duty to take into account his knowledge of the employee's physical condition in assigning him his work is discharged unless it is shown that the employee was justifiably ignorant of the danger incurred in the work. In *Monteith* v. *Company*, 82 N. H. 175, the employers' liability statute apparently governed and assumption of risk was not a defence. In *Tullgren* v. *Company*, 82 N. H. 268, the legal situation was analogous to that here since liability failed if the decedent there chose to discharge the driver of the automobile from carrying her further than he did and to undertake to walk the rest of the way home unaided.

The ordinary manner of carrying a heavy article like the box up a flight of stairs was attended with no dangers not known or apparent to one of normal intelligence. It is too common and simple an operation to call for warning and instruction to such a person and it is not to be said that one of the age of twenty and being normally intelligent is so immature that his appreciation of the danger may not be assumed. Instruction and special experience are not necessary to tell him that in the undertaking there will be some irregularity of progress and some change of balance and weight with more or less abruptness. The situation makes this obvious to anyone giving the matter any thought and attention, and there was no danger of which it can be said the defendants should have informed or warned the intestate. The evidence discloses nothing to show that the intestate did not appreciate all the risk he ran in doing the work as well and as fully as the defendants.

There is no claim that a customary and usual method of operation was not used. And if there was a special and unusual method lessening the chances of injury, the defendants are not shown to have known about it or to have had occasion to find out about it. *Nourie* v. *Theobald*, 68 N. H. 564; *Proulx* v. *Goodrich*, 77 N. H. 297.

If the defendants were careless, it was in permitting the intestate to work at all on the job. Since that depended on how much strain it was proper for him to undergo, his equality of knowledge with them in respect both to the strain his health permitted and to the strain the work would impose on him avoided liability for such carelessness. The assumption of risk doctrine is clearly applicable. *Knighton* v. *Company*, 80 N. H. 546.

*Exception overruled.*

All concurred.