## WILLARD BACHELDER & *al.* vs. JOHN HEAGAN.

In an action on the case for an injury to the plaintiffs' land and fences, alleged to have been occasioned by the carelessness of the defendant in setting a fire upon his own land, and negligence in keeping the same, the burthen of proof is upon the plaintiff to show, that the injury was caused by the negligence or misconduct of the defendant.

THE action was trespass on the case, to recover damages, alleged to have been done to the plaintiffs' land, and to the fences and growth thereon, by the negligence of the defendant in setting a fire on his own land, near to the land of the plaintiffs, and in not carefully keeping the same.

At the trial before EMERY J., evidence was introduced by both

Bachelder *v.* Heagan.

parties. The counsel for the plaintiffs requested the Judge to instruct the jury, that the plaintiffs were entitled to a verdict, if they were satisfied from the evidence, that the damage was occasioned by the defendant's fire, unless he satisfied them, that it was not through negligence or mismanagement on his part. The Judge instructed the jury, that the burthen of proof was upon the plaintiffs to satisfy them, beyond a reasonable doubt, that the damage was occasioned by the defendant's fire, and through the carelessness and negligence of the defendant in keeping the same ; such carelessness and negligence being alleged in the plaintiffs' declaration, and it not being contended by the plaintiffs that the fire was wilfully and maliciously set by the defendant. On the return of a verdict for the defendant, the plaintiffs filed exceptions to the ruling of the Judge.

*Kelly*, for the plaintiffs, contended, that the Judge erred in refusing to give the instruction requested, and that the instruction given was wrong; and cited 2 *Stark. Ev.* 905, 948 ; *Story on Bailments*, 308, 314, 338, 374 ; 1 *Greenl.* 135 ; 13 *Maine R.* 439 ; 4 *M. & S.* 306 ; 3 *Bl. Com.* 154 ; 1 *Esp. R.* 482 ; 1 *Com. Dig.* 410, 511 ; 1 *Chitty's Pl.* 69, 70 ; 2 *Stark. Ev.* 627 ; 1 *Salk.* 13 ; *Ancient Char.* 112 ; 2 *Fairf.* 284.

*W. G. Crosby*, for the defendant, argued in support of the correctness of the instruction given, and cited 2 *Stark. Ev.* 971 ; 3 *East*, 192 ; *Lane* v. *Crombie*, 12 *Pick.* 177 ; 3 *Stark. Ev.* 1354 ; 1 *Chitty's Pl.* 37 ; 8 *Johns. R.* 421 ; 1 *Mass. R.* 71 ; *Harris* v. *Rayner*, 8 *Pick.* 541.

The opinion of the Court was by

WESTON C. J. — By the ancient common law, or custom of the realm, if a house took fire, the owner was held answerable for any injury thereby occasioned to others. This was probably founded upon some presumed negligence or carelessness, not susceptible of proof. The hardship of this rule was corrected by the statute of 6 *Anne, c.* 31, which exempted the owner from liability, where the fire was occasioned by accident. The rule does not appear to have been applied to the owner of a field, where a fire may have been kindled. It may frequently be necessary to burn stubble or other matter, which incumbers the ground. It is a lawful act, unless kindled at an improper time, or carelessly managed.

Baron *Comyns* states, that an action of the case lies, at common law, against the owner of a house, which takes fire, by which another is injured, and adds, " so if a fire be kindled in a yard or close, to burn stubble, and by negligence it burns corn in an adjoining close." *Com. Dig. action of the case for negligence, A. 6.*

In *Clark* v. *Foot,* 8 *Johns. R.* 421, it was held, that if *A.* sets fire to his own fallow ground, as he may lawfully do, which communicates to and fires the woodland of *B.,* his neighbor, no action lies against *A.,* unless there was some negligence or misconduct in him or his servants. And this is a fair illustration of the common law, upon which the action depends. Negligence or misconduct is the gist of the action. And this must be proved. In certain cases, as in actions against innkeepers and common carriers, it is presumed, by the policy of the law, where property is lost which is confided to their care. But in ordinary cases, of which the one before us is not an exception, where the action depends on negligence, the burthen of proof is upon the plaintiff. This is common learning, and applies to all affirmative averments, necessary to maintain an action. The defendant's fire was lawfully kindled on his own land. It is an element, appropriated to many valuable and useful purposes ; but which may become destructive from causes, not subject to human control. Hence the fact, that an injury has been done to others, is not in *itself* evidence of negligence. The party, who avers the fact, is bound to satisfy the jury upon this point, before he can be entitled to a verdict. In our opinion, the direction of the presiding Judge was correct, as to the burthen of proof.

*Judgment on the verdict.*