COÖS.

---

PAINE v. THE GRAND TRUNK RAILWAY OF CANADA.

Negligence is a matter of fact to be proved by evidence; it is not to be inferred by force of a legal presumption.

A mere scintilla of evidence is not sufficient to sustain the burden of proof. Before the evidence is left to the jury, there may be, in every case, a preliminary question for the presiding judge, not whether there is literally no

evidence, but whether there is any upon which a jury can properly find a verdict for the party producing it, upon whom the burden of proof is imposed.

Where a person seeks to charge a railway company with negligence in not seasonably removing a car which incumbered a highway crossing, and in consequence of which an accident occurred to the plaintiff, an instruction by the court, that if the jury should find that the servants of the company honestly believed they could not move the car without help, and that they exercised ordinary care and prudence in that judgment, they are not guilty, is sufficiently favorable to the defendants, and furnishes no ground of exception.

An exception in general terms to instructions given in a charge to the jury, without any specification of error or request for particular instructions, is not sufficient, and will not avail to set aside a verdict because of the omission of the judge to give instructions not thus specifically requested.

CASE, for an injury received by the plaintiff while attempting, with a horse and wagon, to cross the defendants' track at a highway crossing, about half of which was occupied by the brake-van of a lumber train of the defendants. The train was stopped by one of the cars going off the track on a heavy down grade.

The plaintiff claimed that the defendants were guilty of negligence in allowing their track to be in such condition at this point that a rail was displaced so as to admit of the car getting off the track, and that they were negligent in not removing the car from the crossing, claiming that they had ample time and sufficient force to have removed it before the accident. The plaintiff offered evidence as to the number of men required to move the car, and tending to show that the men employed on the train, five in number, could have moved it back from the crossing. On this point the evidence was conflicting, and the defendants' evidence tended to show that there was not a sufficient number of men there to have removed the car before the accident. It was removed from the crossing after the accident happened. The weight of the car was eight or ten tons.

The plaintiff gave no evidence tending to show the cause of the stopping of the train beyond what was elicited from the defendants' witnesses. The defendants gave evidence tending to show that the track and train were in good order and condition; that there was the usual number of hands in charge; that the cause of the trucks getting off the track was probably owing to a rail spreading at the joint, whereby they climbed the next rail,—but this was a matter of opinion and conjecture merely: but it appeared that the rear trucks and the other cars kept the track. At the point where the trucks ran off the track was a sharp curve. One Fickett was the conductor, and it appeared that he went to the rear of the train immediately after it stopped, and concluded, upon examination of the situation, that there was room enough for people travelling the highway to pass his train without danger, but

at the same time he sent a man to Berlin Mills for help. At the end of about thirty minutes his messenger returned with five or six men, who, with the train hands, were able to move the brake-van up the track so as to be completely outside of the highway.

The defendants' counsel contended that there was no sufficient evidence of negligence introduced to enable the plaintiff to recover, and moved that the court order a nonsuit or verdict for the defendants. The court ruled otherwise, subject to exception. The defendants' counsel requested the court to charge the jury that if the conductor, Fickett, and those under him, honestly thought they could not move the car above the highway until the men had come from Berlin Mills to assist them (even if the fact were that they could have so moved it), they were justified in not trying to move it until the help had come; and if they waited because they honestly believed they could not do it until more help had come, it is no proof of negligence or fault on the part of the defendants that they waited.

The court declined to charge the jury in the terms expressed by the defendants' counsel; but, upon this point, instructed them as follows: "A man is not guilty of negligence for not doing what he cannot do. If you find that these persons honestly believed they couldn't move the car without help, and you believe they exercised ordinary care and prudence in that judgment, they are not guilty." To this instruction the defendants excepted.

The court charged the jury at length upon the various questions of law involved in the case; and the defendants excepted to the charge generally, but with no other specification of objection or exception than as before mentioned.

The jury having returned a verdict for the plaintiff, the defendants moved to set it aside, and for a new trial.

*Ladd & Fletcher* and *Twitchell & Evans*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendants.

FOSTER, J. No question is raised as to the care exercised by the plaintiff. There are decided cases to the effect that negligence may properly be inferred against common carriers from the mere happening of an accident, such as the overturning of a stage-coach, or a car getting off the track of a railway; but this is a doctrine altogether too broad to be sustained, and it has been expressly overruled in cases of high authority. Shearman & Redfield on Negligence, s. 280, notes 3, 4.

Negligence is a fact for the plaintiff to prove by a preponderance of the evidence; a fact for the jury to find or not, without any presumption of law one way or the other. *Bundy* v. *Hyde*, 50 N. H. 116, 122; *State* v. *Hodge*, 50 N. H. 510; *Gray* v. *Jackson*, 51 N. H. 9, 12–15, 36, 37; *Bickford* v. *Dane*, 58 N. H. 185. And the authorities are numerous which hold that a mere scintilla of evidence is not sufficient, but there must be distinct affirmative evidence of the existence of negligence in order to sustain the burden of proof. *Cotton* v. *Wood*, 8

C. B. (N. S.).568, 571; *Railroad* v. *Goodman*, 62 Pa. 329, 338; *Bach-elder* v. *Heagan*, 18 Me. 32 ; *Tourtellot* v. *Rosebrook*, 11 Met. 460; *Losee* v. *Buchanan*, 51 N. Y. 476; *McCully* v. *Clarke*, 40 Pa. 399 ; *Chicago* v. *Major*, 18 Ill. 349 ; *Hammack* v. *White*, 11 C. B. (N. S.) 588; *Holmes* v. *Mather*, L. R. 10 Ex. 261; *Ellis* v. *Railway Co.*, L. R. 9 C. P. 551 ; *Burton* v. *Railroad Co.*, 4 Harr. (Del.) 252. Judges are not required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence. *Ryder* v. *Wombwell*, L. R. 4 Ex. 39. Decided cases may be 'found where it is held that if there is a scintilla of evidence in support, of a case, the judge is bound to leave it to the jury ; but the decisions have established a more reasonable rule, to wit, that, before the evidence is left to the jury, there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. CLIFFORD, J., in *Commissioners &c.* v. *Clark*, 94 U. S. 278, 284 ; *Giblin* v. *McMullen*, L. R. 2 P. C. App. 317, 335 ; *Ryder* v. *Wombwell*, L. R. 4 Ex. 32; *Improvement Co.* v. *Munson*, 14 Wall. 442; *Pleasants* v. *Fant*, 22 Wall. 120 ; *Parks* v. *Ross*, 11 How. 373 ; *Merchants' Bank* v. *State Bank*, 10 Wall. 637 ; *Hickman* v. *Jones*, 9 Wall. 201.

Of course there is no such preliminary question for the judge, as whether he, sitting as a referee or other tribunal in the place of a jury to determine the question of ultimate liability, would find the fact to be the one way or the other, but whether the evidence submitted by the party on whom the burden of proof rests might reasonably and properly lead the jury, in the absence of any explanatory or rebutting evidence, to conclude that the allegation of negligence is sustained.

These considerations have required us to examine the matters of fact involved in the defendants' first exception ; and upon such examination we are not prepared to say there was no evidence upon which a jury might properly find a verdict for the plaintiff, seeking to charge the defendants upon the ground of negligence.   We cannot infer that a jury might not properly and reasonably conclude that there was want of due care in failing to secure the rails at the joint so that the truck might not climb the rails ; nor that the defendants were not in fault for being unprovided with a pinch-bar ; nor that they had not sufficient time and sufficient force within which and with which to remove the van from the highway before the accident occurred.

The first exception, therefore, is not sustained, and the motion for a nonsuit was properly denied.

The second exception relates to the refusal of the court to instruct the jury that " if the conductor and those under him honestly thought they could not move the car above the highway until the men had come from Berlin Mills to assist them (even if the fact were that they could

have so moved it), they were justified in not trying to move it until the help had come. And if they waited because they honestly believed they could not do it until more help had come, it is no proof of negligence or fault on the part of the defendants that they waited." Upon this point the court charged the jury as follows: "A man is not guilty of negligence for not doing what he cannot do. If you find that these persons honestly believed they could not move the car without help, and you believe they exercised ordinary care and prudence in that judgment, they are not guilty." These expressions contain an accurate statement of the law, and were sufficiently favorable to the defendants. The second exception is overruled.

The defendants made no other special request for instructions, but, at the conclusion of the charge, excepted to it generally, without any specification of error or request for any modification. The 54th rule of court requires that " all exceptions to the charge of the judge shall be considered as waived, unless taken and reduced to writing before the jury retire." The object of the rule and its propriety are obvious. Its purpose is to give the presiding judge an opportunity to correct any errors into which he may inadvertently fall in making an oral statement of the law. It is not ordinarily practicable for the court. during the progress of a trial by jury, to prepare with care and precision a written statement of the law applicable to the case, nor to delay the trial for the purpose of examining books and authorities. The duties of the bench and the bar are to some extent reciprocal. If the judge makes a mistake, and counsel perceiving it do not call his attention to it, pointing out an error which he may instantly correct, a verdict will not be disturbed on account of the error. The defendants' general exception to the charge must be regarded as waived. *Moore v. Ross,* 11 N. H. 547, 557; *Deming* v. *Foster,* 42 N. H. 165, 177; *Cooper* v. *Grand Trunk Railway,* 49 N. H. 209, 213; *Craig* v. *Gerrish, ante,* p. 513; *Leach* v. *Woods,* 14 Pick. 461; *Ford* v. *Monroe,* 20 Wend. 210. It is proper, however, to observe, that having examined the extended report of the charge (which has been furnished us), we have failed to discover the errors which the defendants' counsel have now, for the first time, suggested.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.