Rockingham, }
Dec. 6, 1910. }

### BURRILL v. ALEXANDER & a.

A landowner is not liable to trespassers for injuries resulting solely from the condition of his premises, but for such only as are intentionally inflicted or caused by his active intervention.

A landowner who stretches a wire across his premises with intent to trip unsuspecting trespassers is liable for injuries caused thereby, if the adoption of such a measure of defence is found to be unreasonable ; and in such case the question of reasonableness is one of fact for the jury.

The fact that a contrivance naturally adapted to trip pedestrians has repeatedly accomplished that result warrants a finding that it was maintained for that purpose.

A general exception to a charge is unavailing if the instructions given embody a correct statement of the legal principles applicable to the facts.

A declaration is not demurrable because it fails to correctly state the rules of law applicable to the facts alleged.

CASE, for injuries alleged to have been done to the plaintiff while upon the defendants' land, by a wire which had been stretched across the land by them to prevent persons crossing the lot. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1909, of the superior court by *Chamberlin,* J., on the defendants' exceptions to the denial of their motions for a nonsuit and the direction of a verdict in their favor, to the overruling of their demurrer to the declaration, and " to so much of the charge to the jury as defined the rights of the plaintiff and the duty that the defendants owed her."

The plaintiff's evidence tended to prove that the public were accustomed to cross the lot, and that the defendants, with knowledge of this fact, stretched the wire across the path at a height of from two to three feet above the ground. This was done some months before the accident. The wire was described as an ordi-

nary telephone wire and of a gray color.  Before the accident, one of the defendants and another person had walked against the wire without noticing it.

*Taggart, Tuttle, Burroughs & Wyman* (*Mr. Wyman* orally), for the plaintiff.

*Owen & Veazey* and *Frink, Marvin & Batchelder* (*Mr. Owen* orally), for the defendants.

PEASLEE, J.  This case was submitted to the jury upon the theory that the plaintiff was a trespasser at the time of the injury complained of.  Her injury resulted from the condition of the premises trespassed upon.  None of the defendants was present when the accident happened.  It therefore follows that they are not liable unless the injury was caused intentionally.  In a situation like this, when the defendant is not present and acting at the time, he is under no liability to a trespasser on account of the mere condition of his premises.  *Hobbs* v. *Company, ante,* 73.

If it were established that the injury was intentionally inflicted, —that the purpose, or one purpose, in maintaining the wire was to trip up unsuspecting trespassers,—the further question would be presented whether this was a reasonable measure to take to defend the property from invasion.  " On the subject of defending a man's property, in his absence, by spring-guns, man-traps, or other engines calculated to destroy human life or inflict grievous bodily harm, the English courts turned a question of fact into a question of law, and were not successful in their efforts to prescribe adequate rules for determining the reasonable necessity of such engines under the varying circumstances of different cases. . . .  This error of the courts was partially corrected by acts of parliament. . . .  If the courts had refrained from the invasion of the province of the jury, it would not have been necessary for the legislature to make this imperfect restoration of the common law, or to provide penalties for its violation.  If the reasonable necessity of employing defensive machinery of all kinds had been left to the jury, as such a question of fact should have been, much judicial and legislative trouble would have been avoided, and the general principles of the common law would have been sufficient."  *Aldrich* v. *Wright,* 53 N. H. 398, 404, 405.

The motions for a nonsuit and to direct a verdict were properly denied.  The nature of the contrivance maintained by the defendants and the fact that to their knowledge people had run against it before the time the plaintiff was hurt are sufficient to warrant the jury in finding that it was maintained for that purpose.  It is

probably true that the ultimate purpose of the defendants was to put an end to the trespasses, but it could well enough be found that this end was to be reached by means of upsetting the unwary who should persist in the trespass for a time after the wire was strung. The fact that the defendants testified that they had no such intention is not conclusive of the matter. *Huskie* v. *Griffin*, *ante*, 345, 348. It is quite manifest that if there was such an intent to inflict injury, the question of its reasonableness as a method of defending property would be for the jury.

The exception to the charge was so general that it might well be overruled because of its indefiniteness. *Paine* v. *Railway*, 58 N. H. 611; *Haines* v. *Insurance Co.*, 59 N. H. 199; *Edgerly* v. *Railroad*, 67 N. H. 312; *Guertin* v. *Hudson*, 71 N. H. 505. But if it were to be considered as presenting a question as to the general theory of the law which the presiding justice sought to follow and elucidate, the result would be the same. The jury were instructed as to reasonable defence of property, and were told that the rule is that trespassers can recover only for intentional injuries when an accident results from the condition of the premises. This is a correct theory of the law. Upon authority and reason, the defendants are now precluded from the argument of objections to the details by which the general theory was worked out. "It is not ordinarily practicable for the court, during the progress of a trial by jury, to prepare with care and precision a written statement of the law applicable to the case, nor to delay the trial for the purpose of examining books and authorities. The duties of the bench and bar are to some extent reciprocal. If the judge makes a mistake, and counsel perceiving it do not call his attention to it, pointing out an error which he may instantly correct, a verdict will not be disturbed on account of the error." *Paine* v. *Railway, supra.*

The declaration sufficiently states the facts upon which the plaintiff relies. If it does not contain a correct statement of the rules of law applicable to the facts alleged, the defendant has not been harmed. The demurrer was properly overruled.

*Exceptions overruled.*

All concurred.