Cheshire,
March 6, 1917.

### Alphonse Simoneau v. Keene Electric Railway & a.

Fairness of trial requires that the charge shall inform the jury what the law is in its application to the case, when a proper request therefor is made; if it is more probable than otherwise that the jury did not understand that the theory of the request was included in the general charge, their verdict will be set aside.

A witness who has observed the behavior of a horse when driven and has formed an opinion whether he is a safe or unsafe horse may testify thereto.

Case, for negligence. Trial by jury and verdict for the defendants. The evidence tended to show that on the date of the accident the plaintiff was working in a ditch on Marlboro street in Keene; that the defendant, Cota, was driving his horse on the street when, upon the approach of a street car, the horse became nervous and finally upset the carriage and ran away, knocking the plaintiff down and inflicting the injuries complained of. The plaintiff

excepted to certain evidence which was admitted by the court, and to the refusal of the court to charge the jury as requested. Other facts appear in the opinion. Transferred from the April term, 1916, of the superior court by *Chamberlin*, J.

*Benton & Pickard* (*Mr. Pickard* orally), for the plaintiff.

*Joseph Madden* and *Charles H. Hersey* (*Mr. Madden* orally), for the defendant Cota.

WALKER, J. The exception to the ruling of the court permitting one of the plaintiff's witnesses to be asked on cross-examination whether he considered Cota's horse a good safe driving horse, is not tenable. The question did not call for expert opinion evidence but for the statement of a fact as to the disposition of the horse for safety as a driving horse, so far as it appeared to the witness. Presumably he had observed the behavior of the horse when being driven and from what he saw regarded him as a safe or unsafe horse. All the peculiarities of the horse's maneuvers it would hardly be possible for him to state to the jury, so that they could form an independent conclusion upon the point in issue. From necessity such evidence is admissible and its use is fully justified upon the ground that it is the best evidence obtainable in view of the circumstances. *Whittier* v. *Franklin*, 46 N. H. 23; *State* v. *Pike*, 49 N. H. 414, 426; *Darling* v. *Westmoreland*, 52 N. H. 401, 403; *Hardy* v. *Merrill*, 56 N. H. 227.

The plaintiff requested the court to charge the jury that if the horse was afraid of street cars to such an extent that a man of ordinary prudence would not have driven him in the vicinity of the cars, and Cota did drive him about street cars, and this accident resulted from that act on his part, Cota is liable unless the plaintiff was guilty of contributory negligence. This request was refused except so far as it was covered by the following quotation from the charge: "You may see that a particular horse,—I am not referring to this one,—may be so vicious, so unruly and dangerous, that no prudent man would attempt to drive him about on the streets, and if a man did, he would be responsible for whatever damage was caused. Whether this horse falls into that class on the evidence, I will submit to you." The plaintiff claims that the request which limits the dangerous character of the horse to fright caused by street cars was not given in the charge. The issue was,—

Whether Cota's horse was so unmanageable when near street cars that men of ordinary prudence having knowledge of that characteristic of the horse would not have driven him in the vicinity of the street cars, as Cota did. If technically it might be said that the general statement in the charge included the specific application of the law to the evidence in the case as expressed in the request, the question remains, whether it clearly appears that the jury understood the requested instruction was in substance given and they were authorized to return a verdict accordingly. The fairness of a trial requires that the charge shall inform the jury what the law is in its application to the case, when a proper request therefor is made. Whatever construction might be given to the language of the court by one skilled in dialectics, it is more probable than otherwise that the jury did not understand the theory of the request was included in the general charge. The application of the law to the evidence tending to show that the horse was excessively frightened and became unmanageable when in the presence of street cars, should have been specifically pointed out in the charge in order to insure a fair trial.

If there are cases seemingly in conflict with this view of the law of procedure under similar circumstances (*Spalding* v. *Brooks*, 58 N. H. 224; *Phoenix Ins. Co.* v. *Clark*, 59 N. H. 345; *Fogg* v. *Moulton*, 59 N. H. 499; *Rublee* v. *Belmont*, 62 N. H. 365; *Bond* v. *Bean*, 72 N. H. 444; *S. C.*, 228 Briefs & Cases, 745, 749, 775; *Chase* v. *Chase*, 66 N. H. 588, 592; *Walker* v. *Railroad*, 71 N. H. 271; *Piper* v. *Railroad*, 75 N. H. 228, 235), they cannot be followed to the extent of overruling the plaintiff's exception to the refusal of the court to charge as requested.

*Exception to evidence overruled: exception to charge sustained: new trial granted.*

All concurred.