Merrimack,
June 25, 1920.

### HIRAM C. GARDNER *v.* COMMERCIAL MACHINE CO.

Where witnesses have observed how work could be done safely and the danger incident to doing it in another way, so that their opinions would probably aid the triers in their search for the truth, the presiding justice may properly permit them to state their opinions as to how the work should be done.

An exception to a charge so worded as not to call to the attention of the court an alleged defect therein, insisted upon for the first time in the supreme court, does not present such defect for correction.

On certain evidence, the question was properly submitted to the jury whether a plaintiff, who claimed the benefit of the employers' liability act (Laws 1911, c. 163) was working upon or in proximity to power-driven machinery while in motion.

CASE, for negligence under the employers' liability act. Trial by jury and verdict for the plaintiff.

One question was whether the plaintiff's employment took him near

a power-driven cement mixer so as to bring him within the provisions of the act. Upon this matter the jury were instructed as follows:

"Now the plaintiff here claims that he was working for the defendant in connection with and in proximity to a cement mixer which was propelled by mechanical power and that he therefore comes within the provisions of this act. The defendant contends that his employment had nothing to do with the cement mixer and therefore that the act does not apply. That presents a question of fact for you to decide on the evidence in the case, and it is for you to say whether the plaintiff as a matter of fact was employed to work in connection with or in proximity to machinery propelled by mechanical power. I might say by way of explanation of that section of the statute, that it is not necessary that the plaintiff should be actually working on the machine; it is not necessary that he should be in the proximity of the machine at the time of the accident. It is sufficient if his employment at times called him into the neighborhood of the machine propelled or operated by mechanical power. So here it is for you to say whether the plaintiff in the natural course of his duties, as he has described them to you, was brought into connection with or in proximity to this cement mixer operated by mechanical power. If he was, then it is immaterial whether he was working upon the mixer or close to it at the time of the accident. If at any time his employment brought him in connection with that mixer or in proximity to it, then he comes within the statute. If not, the act does not apply. If you should decide that the plaintiff has not brought himself within the provisions of the act, then he cannot recover in this case, and your verdict should be for the defendant."

The defendant excepted "to the submission of the question whether the case is under the act, and to the submission of the provisions which would govern the jury in determining that question."

Motions for a nonsuit and directed verdict were denied, subject to exception. The evidence relevant thereto appears in the opinion. There were also exceptions to the admission of evidence, which are stated in the opinion. Transferred from the October term, 1919, of the superior court by *Branch*, J.

*Nathaniel E. Martin* and *J. Joseph Doherty* (*Mr. Martin* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J. The plaintiff's complaint is that a fellow-servant, Drugg, negligently operated a wheelbarrow heavily loaded with cement, and that the injuries resulted therefrom. The plaintiff was engaged in scraping cement from the wheelbarrows, and was thrown from the runway upon which he stood by the action of Drugg, who attempted to empty his wheelbarrow out of turn and without assistance from the plaintiff.

The testimony of the plaintiff and one Drew that Drugg ought to have waited his turn so as to empty his wheelbarrow in the ordinary way was received subject to exception. It is not necessary to decide the question whether this testimony is to be classed as expert evidence, the opinion of witnesses derived from observation, or the statement of a fact which the witnesses knew because they had observed. *Davis* v. *Railroad*, 75 N. H. 467; *Simoneau* v. *Railway*, 78 N. H. 363. Assuming the proposition most favorable to the defendant, that it was expert opinion evidence, no error of law is found in its reception.

There was evidence that a loaded wheelbarrow weighed 300 pounds, that the cement stuck so that a part of it had to be scraped out, that the method of emptying it was for the workman to tip it up carefully, and for the plaintiff to scrape it out. This method of operation had been observed by the plaintiff and by Drew. They were permitted to testify, in substance, that a man operating a wheelbarrow should await his turn to empty it in the manner above described, and not attempt to unload it by trying to remove the sticky cement by means of a sudden upset of the load. The witnesses had observed how the work could be done safely, and the danger incident to doing it in another way. It was, therefore, a legitimate exercise of the power of the presiding justice to permit them to state their opinions as to how the work should be done. Their knowledge was such that it could be found that their opinion would "probably aid the trier in the search for the truth." *State* v. *Killeen, ante,* 201, 202, and cases cited; *Paquette* v. *Company, ante,* 288.

If the case relied upon by the defendant (*Nourie* v. *Theobald*, 68 N. H. 564) decides that opinion evidence as to matters open to common observation must, as matter of law, always be excluded, it is not now authority in this jurisdiction. *Davis* v. *Railroad*, 75 N. H. 467, 469. The case last cited is a direct authority for the propriety of the present ruling. In that case a fireman upon a locomotive testified to what he and the engineer did, and was permitted to state that he knew nothing else that they could have done. It would of

course have been equally permissible for him to state that they could have done some specified act which they did not do.

The defendant also relies upon *Keefe* v. *Railroad,* 75 N. H. 116. In that case it was held to be reversible error for the trial court to permit a civil engineer to give his opinion as to the true location of a disputed line. The decision is put upon the ground that the facts could be placed before the jury so that they could judge of the fact in question as well as the engineer. The authorities there relied upon are cases which adhere to the earlier and restrictive rule as to the use of opinion evidence. The present day test of the legal permissibility of the conclusion reached by the trial court was not applied. The question whether it could be found that the opinion would aid the jury was not considered. On the contrary, the finding of the superior court to that effect was treated as of no moment on the ground that the question whether a subject is one upon which expert evidence may be received is one of law.

The examination of this subject in the dissenting opinion in *State* v. *Pike,* 49 N. H. 399, and in *Hardy* v. *Merrill,* 56 N. H. 227, taken in connection with the recent cases of *Folsom* v. *Railroad,* 68 N. H. 454; *Davis* v. *Railroad,* 75 N. H. 467; and *State* v. *Killeen, ante,* 201, shows that the rule relied upon in *Keefe* v. *Railroad* was erroneously applied in that case. The question whether the evidence should be received was treated as though it were one primarily for determination by this court. But the true rule being that it is an issue to be passed upon by the trial court, the question here is merely whether a reasonable man could find as the presiding justice did. If he could, the fact that this court would find otherwise is immaterial. *State* v. *Killeen, supra.*

It is true that the question in what cases opinion evidence may be received is one of law. But the rule of law invoked does not consist of a list of instances in which the evidence is or is not admissible, but merely of the broad principle stated in the cases above referred to. Unless it can "be presumed that all men are so familiar with" the matter "that they can derive no information on the subject from the opinion of a witness expert" thereon, his opinion may be received. *Folsom* v. *Railroad, supra.* "The opinion of a witness in respect to a matter with which he is shown to be familiar is usually admitted if the court finds that his knowledge is superior to that of the triers." *Davis* v. *Railroad, supra.*

There is an undoubted conflict in the decisions upon this subject, and the conclusion in *Keefe* v. *Railroad, supra,* ignores the gradual

turning of the court, since 1860, from the earlier American rule "toward the view that the test is to inquire whether the witness' knowledge of the matter in relation to which his opinion is asked is such, or so great, that it will probably aid the trier." *State* v. *Killeen, supra.*

It may be added that the method of examining a civil engineer as to his work and its results which is approved in *Keefe* v. *Railroad, supra,* amounts in the end to putting before the jury the very opinion which the case holds should be excluded. When the engineer testifies that he did this and that, and as a result located the bound at a point indicated upon the ground, he is merely saying that in his opinion that is the true location.

As the testimony that Drugg should have waited was properly received, it follows that there was sufficient evidence of his negligence.

It is also urged that there is no evidence to bring the case within the provisions of the act. The plaintiff's claim is that he worked upon or in proximity to a cement mixer which was driven by power from a gasoline engine; and the question presented is whether he so worked while the machine was in operation. He testified that he set up the machine, built runways from it, shoveled cement and sand into it, took the mixed cement out of it as one of the wheelbarrow men and that he was a general utility man, doing whatever was required of him on the job. There is no direct testimony that the machine was or was not in operation when these things were done, but there was evidence that they ran the mixer when they needed cement; and a witness called by the defendant testified that he worked taking the cement from the mixer up the runways "when they were running, mixing cement." While this evidence is not very conclusive, it would warrant a finding that the wheelbarrow men worked about the mixer when it was in operation. There was no error in permitting the jury to so find.

The motions for a nonsuit and directed verdict and a part of the exception to the charge are all grounded upon the claim of lack of evidence upon the questions already considered.

The exception to the charge was "to the submission of the question whether the case is under the act, and to the submission of the provisions which would govern the jury in determining that question." The defendant now argues this as an exception to the statement of the law; that is, as though it presented the question of the correctness of the interpretation of the statute in the charge. The point now sought to be raised is that the charge permitted the jury to find

the plaintiff within the act if his work brought him in proximity to the mixer when it was not in motion, whereas (as the defendant now contends) it was necessary to show that the mixer was in operation at such times.

It is apparent from the language of the charge that this distinction was not given any prominence. The instruction refers frequently to "Machinery propelled by mechanical power" and states that "It is sufficient if his employment at times called him into the neighborhood of the machine propelled or operated by mechanical power." In several other places mention is made of the mixer without qualification. Taken as a whole the instruction seems to assume that as a matter of course proximity to a machine in operation is the test. The reference to the defendant's claim "that his employment had nothing to do with the cement mixer" refers to the machine in operation, for no question was made but that the plaintiff worked about it at other times.

In this situation an exception worded as this one is would fail to call to the attention of the court the question argued here. If the defendant's counsel thought the instruction open to the construction now claimed for it, that phase of the situation should have been specified. An exception to permitting the jury to consider proximity to a machine not in operation, or a request to charge that the statute meant otherwise, would have called the matter to the attention of the presiding justice and given him an opportunity to pass upon the defendant's contention. "The duties of the bench and the bar are to some extent reciprocal. If the judge makes a mistake, and counsel perceiving it do not call his attention to it, pointing out an error which he may instantly correct, a verdict will not be disturbed on account of the error." *Paine* v. *Railway,* 58 N. H. 611, 615; *Burrill* v. *Alexander,* 75 N. H. 554, and cases cited; *Mason* v. *Railway, ante,* 300, 305. Assuming, therefore, that the defendant's contention as to the meaning of the statute is sound, the defect in the charge in this respect (if it exists) is not brought here for correction by the exception taken.

Other exceptions which were taken have not been argued and are understood to be waived.

*Exceptions overruled.*

All concurred.