Hillsborough, March 2, 1943. } No. 3349.

REITA A. WARE, *Adm'x v.* BOSTON & MAINE RAILROAD.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Robert P. Bingham* orally), for the defendant.

Burque, J. The first exception relates to evidence given by one Sisk. He testified that he was sitting in his car on the south side of the crossing, facing north. He saw the decedent approach from the north, at some distance from the crossing. He was asked if he could determine the speed of the car. His answers were that he could not establish it in miles per hour. On cross-examination he was asked if, in his deposition taken by the plaintiff, he had, in answer to the question: "When he [Ware] was approaching you, could you tell whether he was going fast, medium or slow," said, "Well, the only thing I could say, he was going too fast for the road conditions that night," and the witness replied: "That's right." When it became apparent the defendant was about to use the deposition, and prior to the above inquiry, plaintiff objected, and the court allowed the inquiry for the purpose of contradicting the witness. . Whether the evidence is contradictory and admissible for that purpose only, need not be passed upon, for the witness after answering the above question, was asked further: "You still say that." A. "Yes, sir." This made it direct testimony.

The evidence is proper. The witness had himself been driving that night (though it does not appear how far), the road was icy and slippery, it was snowing, he saw the decedent's car skid and slide, and observed after the accident that the skid or slide marks extended some thirty to forty feet north of the crossing (the evidence is undisputed they extended thirty-two feet). Even though this may be said to be opinion evidence, the witness was amply qualified and was properly allowed to testify as he did. *Simoneau v. Railway*, 78 N. H. 363, 364; *Weiss v. Wasserman*, 91 N. H. 164, 166.

The plaintiff offered to prove that at a crossing next below the one in question and on this same line it was the practice of the railroad to stop the train and have a trainman get out and flag the crossing. It does not appear how far away that crossing is, nor how

comparable the conditions are to those in the instant case. Defendant's attorney stated some of the conditions existing at the other crossing referred to which were "not of sufficient analogy and commonness" to make them comparable to the ones existing at the crossing involved. Plaintiff was not in a position to either agree to or dispute the statement, and admitted he had no knowledge of the facts stated therein. The offer was too general and consequently was properly denied.

"Reasonable need of special protection is to be determined by the special and unusual dangers of the crossing considered. It follows that what is needed at one crossing has no relevant bearing on what is needed at another. The details of each situation are too numerous to admit of fair comparison, and it may not be said that because there is special protection at one crossing, there should be at another, even when it appears that the crossings have some special features in common." *Stocker* v. *Railroad*, 83 N. H. 401, 405.

Evidence of practice at a particular crossing is not evidence of a general custom. The demands of a particular crossing show nothing as to the demands of other crossings.

There was error in withdrawing the issue of the train's speed. The accident happened at 8:30 P.M. A mist or rain set in at about 3:00 P.M., turning into sleet about 5:00 or 6:00 P.M., and later into a heavy snow sometime before and continuing at the time of the accident. The road was icy and very slippery; driving was treacherous. Under such conditions it was for the jury to say whether the train's speed of 10 to 15 miles per hour, as it approached the crossing, was reasonable. Even though the train usually traveled over the crossing at that speed, and that it might readily be said such speed was reasonable and not excessive under ordinary circumstances, conditions prevailing at the time of the accident were out of the ordinary. Having in mind the blindness of the crossing, the limited view defendant's engineer had of traffic on the road (forty feet on the road north of the crossing from a point eighty-eight or ninety feet on the railroad east of the crossing), driving conditions, the downward slope (though slight) of the road as it neared the crossing, factors making for unusual dangers, the jury might find that the train's speed should have been reduced, and even go so far as to say reasonable care under the circumstances might even have required stopping the train (*Mooney* v. *Chapdelaine*, 90 N. H. 415), and probably flagging the crossing before proceeding over it.

Other issues such as failure on the part of the engineer to maintain

a proper lookout, and to ring the bell, were properly withdrawn, as there was no evidence to support such findings.

When the case for transfer was being prepared, plaintiff moved that there be included therein the statement "that shortly after the accident involved in these proceedings the defendant made a traffic regulation limiting the speed of its trains at this crossing to five miles per hour, and that trains have operated on said crossing at said speed ever since." The motion was denied and plaintiff excepted. We are now asked to pass on this exception. Ordinarily such a request would not be granted. But as there is to be a new trial, and we are informed such evidence will be offered, consideration of the proposition involved is entertained. The evidence is inadmissible. Whatever defendant may have done after the accident, as an additional safeguard for the protection of the traveling public against a recurrence of such an accident as this one, is not evidence of previous negligence and fault on the part of the defendant in the operation of its train at the accustomed speed, nor of admission of negligence and fault.

The situation is the same as in cases where alleged defects were remedied, or repairs made after an accident. The inadmissibility of evidence to prove such facts has invariably been sustained. *Aldrich* v. *Railroad*, 67 N. H. 250; *Smith* v. *Company*, 83 N. H. 439, 451; *Christie* v. *Company*, 87 N. H. 236, 238. Other cases supporting the above rule, but allowing introduction of the evidence for other purposes, such as to show control (an issue not present in this case) are: *Bixby* v. *Thurber*, 80 N. H. 411, 417; *Rowe* v. *Company*, 86 N. H. 127, 131; or for other proper purposes; *Reynolds* v. *Company*, 81 N. H. 421, 425; *Roberts* v. *Lisbon*, 84 N. H. 266, 271, 272.

Other exceptions raise points not likely to recur at a new trial and hence are not considered.

*New trial.*

All concurred.