263 F.2d 613
 George W. WHITE, individually and as Administrator of the
Estate of Dorothy L. White, Plaintiff-Appellee,
v.
Raymond ZUTELL, Jr., as Administrator d.b.n. of the Estate
of Raymond Zutell, and Raymond Zutell, Jr., and
Joan Zutell, as Executor and Execturix
of the Estate of Irene Zutell,
Defendants-Appellants.
 No. 107, Docket 25204.
 United States Court of Appeals Second Circuit.
 Submitted Jan. 9, 1959.
Decided Feb. 16, 1959.
 
 Julius S. Christensen, New York City (Bounds & Wourms, New York City, on the brief), for defendants-appellants.
 Clarence Fried, of Hawkins, Delafield & Wood, New York City (William D. Greene, New York City, on the brief), for plaintiff-appellee.
 Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District judge.
 CLARK, Chief Judge.
 
 
 1
 Plaintiff and his wife, residents of the State of Washington, were involved, with the parents of the defendants, residents of New York, in a serious and fatal automobile accident in New Mexico on December 6, 1950. Plaintiff, the driver of one car, was seriously injured, while his wife, a passenger in his car, was killed; Raymond Zutell, the driver of the other car, was killed, while his wife and passenger, Irene (who died some years later), was injured. At the close of the extended trial below on plaintiff's claims and defendants' counterclaims, the court submitted more than twenty specific questions to jury, which in little over an hour decided all in favor of the plaintiff.[1] Plaintiff recovered a verdict and judgment of $25,000 for his injuries, one of $3,000 for damage to his automobile, and one for $35,000 as administrator of his wife's estate; and the counterclaims for the defendants were dismissed. On this appeal defendants question only the admissibility of certain evidence admitted below.
 
 
 2
 Of the challenged testimony only that of Sergeant Arnold Smith, a New Mexico State police officer who investigated the accident an hour and a quarter later, relates to the question of liability. We see no error in Smith's being permitted to give his estimate of the speed of the Zutell car at the moment of impact. Smith's qualifications to make this estimate were properly established at the trial. Moreover, the witness had personally examined the skid marks on the highway, the damage done the two cars, and other telltale evidence; and the plaintiff had testified as to the other facts relevant to the witness's conclusions. Defendants also contend that Smith should not have testified to what would have constituted a reasonable and safe speed under the road conditions at the time and place of the accident. As no objection was made to this testimony at the trial its admission is not now to be held erroneous. Moreover, substantial authority allows it in any event. See Fedler v. Hygelund, 106 Cal.App.2d 480, 235 P.2d 247; Ford v. Louisville & Nashville R. Co., 355 Mo. 362, 196 S.W.2d 163; Ware v. Boston & M.R.R., 92 N.H. 373, 31 A.2d 58; Northern Alabama R. Co. v. Shea, 142 Ala. 119, 37 So. 796; 7 Wigmore on Evidence 1918-1920, 1951 (3d Ed.1940). The witness personally observed the road conditions, and his full-time occupation is highway safety; we can think of no evidence more relevant to the basic issues of this litigation.
 
 
 3
 The remaining issues concern only the extent of plaintiff's injures and do not affect the verdicts for the death of the wife and for the property damage.[2] The contention that a report of a doctor who examined the plaintiff at the request of defendants' insurer was improperly admitted in evidence is not sound. At the trial defendants made prolonged objection to the admission of the statement as hearsay, with no opportunity to crossexamine; but the trial judge admitted it (with some deletions) under the Federal Business Entry Statute, 28 U.S.C. 1732, on the authority of Korte v. New York, N.H. & H.R.Co., 2 Cir., 191 F.2d 86, certiorari denied New York, n.H. & H.R.Co. v. Korte, 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652. On this appeal the defendants seemingly do not attack this ruling directly; rather they object to various details of the report. We are clear that the ruling was correct. The making of this reprot was clearly a part of this specifalists' 'business'; indeed that is what he was commissioned to do. And it bears its own inherent guaranty of being what it purports to be-- a detailed report of what he found medically upon examining the subject. That it might come up in the course of litigation does not affect this guaranty, unless to enhance it; what would be the use of such a report except to aid in fixing legal damage? See also Terrasi v. South Atlantic Lines, 2 Cir., 226 F.2d 823, certiorari denied 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 855; and the discussion in McCormick on Evidence 604 (1954).
 
 
 4
 Turning now to the objections of detail, the report it not inadmissible because it refers to X rays of plaintiff taken by another doctor which were not introduced with the report. As the statute clearly states, such a matter may be shown to affect the weight to be given the report, but it does not preclude its admission in evidence.[3] Landon v. United States, 2 Cir., 197 F.2d 128, 130; Stegemann v. Miami Beach Boat Slips, 5 Cir., 213 F.2d 561, 564. Indeed, the only question as to this document might be whether the trial court had not leaned over backward in deleting the part which dealt with the history of the plaintiff's condition. See Terrasi v. South Atlantic Lines, supra, 2 Cir., 226 F.2d 823, certiorari denied 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 855.
 
 
 5
 Defendants' remaining objections are frivolous and overtechnical. The X-ray plates introduced in evidence were sufficiently identified to be admitted. And the objections in regard to the medical testimony go only to the weight of that testimony, not to its admissibility. The record as a whole, including plaintiff's own testimony, contains ample proof that plaintiff's various injures were causally connected with the automobile accident.
 
 
 6
 The trial below was in all respects proper, and the judgment reached a fair one. We see no reason to disturb it.
 
 
 7
 Affirmed.
 
 
 
 [1]
 In view of the number and repetitive nature of the questions, there was danger of confusion of the jury; apparently, however, it had no difficulty in determining the fault to lie in the operation of the Zutell car, which, according to the evidence, crossed over into the path of the oncoming White car
 
 
 [2]
 There had been a motion for mistrial because of questions by plaintiff's counsel as to bottles of liquor found in the Zutell car after the accident; but the court's explanation to the jury in denying the motion adequately and completely removed any possible prejudice
 
 
 [3]
 'All other circumstences of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.' 28 U.S.C. 1732(a)