Victor Joseph BORKOVIC

v.

PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 13836.

United States District Court
W. D. Pennsylvania.

Jan. 25, 1960.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

GIGNOUX, District Judge, serving by assignment.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries sustained by the plaintiff while employed as an electrical lineman by the defendant railroad. Plaintiff was severely injured on December 21, 1954, when he fell while climbing a transformer pole in the defendant's Conway, Penn-

sylvania, Receiving and Classification Yard. After a five-day trial, the jury returned a verdict in favor of the plaintiff in the amount of $100,000, and the Court entered judgment accordingly.

At the trial plaintiff introduced evidence to establish that his accident was caused by negligence of the defendant in two respects: first, because the pole from which plaintiff fell was in an unsafe condition because it was "pock-marked with holes" from previous climbing and also because it was not equipped with steps for climbing; and secondly, because plaintiff had been forced to climb the pole on the particular occasion under conditions of undue stress and pressure as a part of a "time test" ordered by his supervisors for the purpose of attempting to disqualify a fellow lineman. Although there was some evidence which might have tended to show that the climbing spurs furnished to plaintiff by defendant were dull or otherwise defective, plaintiff's counsel in his closing argument expressly waived any contention that defendant was negligent in this respect. The defendant's evidence negatived any negligence on its part and was to the effect that the sole cause of the accident was plaintiff's own negligence in climbing the pole improperly.

At the close of the evidence, the Court denied defendant's motion for a directed verdict. The defendant now moves for judgment in accordance with its motion for a directed verdict under Fed.R.Civ. P. 50, 28 U.S.C.A., and in the alternative for a new trial. In support of its motion for judgment under Rule 50, defendant argues that the evidence was insufficient to support a finding that plaintiff's accident was caused, in whole or in part, by any negligence of the defendant. Defendant's alternative motion for a new trial is based upon the following reasons:

1. The jury's finding that plaintiff's accident was caused by any negligence of the defendant was against the weight of evidence.

2. The amount of the verdict was excessive and against the weight of the evidence.

3. The Court erred in refusing to admit into evidence a Thermofax copy of a written report purportedly signed by Dr. Robert W. Johnson, Jr., a member of the staff of the Johns Hopkins Hospital, Baltimore, Maryland, who had examined the plaintiff at the request of plaintiff's counsel.

4. The Court erred in its charge to the jury: (a) by using the expression "rotten and full of holes" in summarizing for the jury plaintiff's contention as to the condition of the pole from which plaintiff fell; and (b) by failing expressly to instruct the jury that any question of defendant's negligence in furnishing plaintiff with defective climbing equipment was no longer before it.

5. An inquiry made by the jury of the Court after it had retired to consider its verdict indicated that the verdict was capricious because based upon a misunderstanding by the jury of the issues before it.

6. Plaintiff's counsel took unfair advantage of the defendant by the use of improper trial tactics and argument with respect to the failure of the defendant to produce an adequate photograph showing the condition of the pole involved in the accident.

Motion for Judgment under Rule 50

Defendant's contention that the evidence was insufficient to support a finding that plaintiff's accident was caused by negligence of the defendant does not require extended discussion. It is true that the Federal Employers' Liability Act imposes liability only for negligence, and that the mere occurrence of an injury to a plaintiff while employed by a railroad does not make the railroad liable. Inman v. Baltimore & Ohio R. Co., 80 S.Ct. 242; Wilkerson v. McCarthy, 1949, 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497. But a review of the record in the instant case satisfies this Court that the evidence justifies with reason the jury's conclusion that defendant's negligence played a part in producing plaintiff's injuries. Under the rule laid down by the United States Supreme

498

Court in Rogers v. Missouri Pac. R. Co., 1957, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493, no more is required to present a jury question under the Act. The defendant's motion for judgment under Rule 50 must therefore be denied.

### Motion for a New Trial

■ 1. The Court cannot agree with defendant's contention that the jury's finding that plaintiff's accident was caused by any negligence of the defendant was against the weight of the evidence. Although the testimony was conflicting, there was ample evidence to warrant a finding of negligence, both because the pole from which plaintiff fell was unsafe for climbing and because plaintiff was subjected to unreasonable risk and danger by the conditions under which he was ordered to climb the pole. There was also sufficient testimony to justify a finding that either or both of these conditions were a proximate cause of plaintiff's fall. This Court is fully cognizant of its duty to set aside a jury verdict and grant a new trial, if upon a review of all the evidence it is of the opinion that the verdict is against the clear weight of the credible evidence or will result in a miscarriage of justice, even though there was sufficient evidence to prevent the direction of a verdict. Williams v. Nichols, 4 Cir., 1959, 266 F.2d 389; Peters v. Smith, 3 Cir., 1955, 221 F.2d 721, 725; Magee v. General Motors Corp., 3 Cir., 1954, 213 F.2d 899; Aetna Cas. & Sur. Co. v. Yeatts, 4 Cir., 1941, 122 F.2d 350. But after applying this standard to test the jury's verdict in this case, the Court cannot conclude that it is against the weight of the evidence or will result in a miscarriage of justice.

2. Nor does this Court see any merit in the defendant's contention that the amount of the verdict was excessive and against the weight of the evidence.

■ It is axiomatic that a verdict should not be set aside on the ground that it is excessive, unless it be so high "as to shock the judicial conscience," or as to show that the jury was biased or acted capriciously or unreasonably. See Mc-

Kee v. Jamestown Baking Co., 3 Cir., 1952, 198 F.2d 551, 556–557; Thomas v. Conemaugh & Black Lick R. Co., 3 Cir., 1956, 234 F.2d 429, 434.

■ The evidence supports the following facts: As a result of this accident plaintiff suffered compression fractures of the 6th, 7th, 8th and 11th thoracic vertebrae and the 10th and 11th ribs, internal injuries and shock. He was hospitalized initially for four weeks and was readmitted on two subsequent occasions for further examination and treatment. He was in a full body cast for approximately six weeks. He is still, some five years after the accident, receiving medication to alleviate constant pain, required to wear a Taylor brace to support his back, and is able to walk only with difficulty and with the aid of a cane. At the time of the accident plaintiff was 28 years old. At the time of the trial he was 33 years old and had a life expectancy of 38 years. During the year in which he was hurt he had received wages from the defendant in the amount of $3,800 to the date of the accident. His loss of earnings up to the date of the trial was in the approximate amount of $23,700. Although most of his medical bills had been paid by the defendant, he had incurred personal expenses for doctors' bills in the amount of $700, and will have substantial medical expenses in the future. Plaintiff had not done any work from the time of the accident to the date of the trial, and there was evidence that he was totally and permanently disabled by reason of the accident from engaging in any manual labor or any employment for which he might be considered suited by education or training. There was also evidence that plaintiff had experienced excruciating pain and suffering from the time of the accident to the time of trial, and that this was still continuing and would probably continue during the remainder of his lifetime. Under such circumstances, this Court cannot state that the jury's verdict was excessive.

■ 3. It is next contended that the Court erred in refusing to admit into evidence a Thermofax copy of a written

report dated March 30, 1959, purporting to be signed by Dr. Robert W. Johnson, Jr., a member of the staff of the Johns Hopkins Hospital, Baltimore, Maryland, who had examined the plaintiff at the request of his counsel. The copy had been furnished by plaintiff's counsel to defendant's counsel, in accordance with the pre-trial order, on May 20, 1959, some five months prior to the trial. The report, which was in the form of a letter addressed to the plaintiff himself, indicated that plaintiff had been examined by the writer at the Johns Hopkins Hospital and stated certain facts as reported by plaintiff with respect to his history. It also set forth the writer's findings as to plaintiff's physical condition and the writer's "impression," or conclusion, with respect thereto.

Neither the plaintiff nor the defendant produced Dr. Johnson as a witness at the trial, nor did either party make any effort to take his deposition before trial. Nevertheless, at the conclusion of the medical testimony, defendant offered in evidence the Thermofax copy of the report as a memorandum made by Dr. Johnson in the regular course of his business. Defendant sought to justify its admission under the Federal Business Records Act, 28 U.S.C.A. § 1732, or the Uniform Business Records as Evidence Act, which is in force in Pennsylvania, and on the authority of White v. Zutell, 2 Cir., 1959, 263 F.2d 613. The offer was rejected by the Court on the authority of Masterson v. Pennsylvania R. Co., 3 Cir., 1950, 182 F.2d 793.

Defendant in its brief states simply that the correctness of the Court's ruling "rests squarely on whether White v. Zutell [supra] is correctly decided." This Court is of the opinion that the offer here involved is essentially indistinguishable from that rejected by the Court of Appeals for this Circuit in Masterson v. Pennsylvania R. Co., supra. Being of the view that Masterson is both correctly decided and controlling authority, this Court is not now disposed to modify in any respect the position stated by it at some length in support of its initial ruling. The Court is satisfied that no error was committed in rejecting this evidence.

4. The defendant complains of that portion of the Court's charge in which, after having instructed the jury generally as to the duty owed by a railroad to its employees under the Federal Employers' Liability Act, the Court summarized the theory of plaintiff's case as follows:

"The plaintiff's contention is that the defendant was negligent in two respects. First, that the defendant was negligent because the pole which the plaintiff was climbing was in an unsafe condition, either because it was rotten and full of holes or because of the absence of steps. Secondly, the plaintiff contends that the defendant was negligent because of the manner in which the plaintiff was forced to perform his work on that particular day at that particular time [, m]ore specifically, because of the presence of these foremen in the area and because the plaintiff was ordered to climb this pole as a part of a time test or at least in circumstances where there was pressure on him which involved unreasonable risk and danger to his safety. The defendant and its witnesses, on the other hand, deny that that pole was in any way unsafe or in any way dangerous. They further deny that there was any pressure on the plaintiff at the time the plaintiff was climbing this pole. In fact, they deny that the plaintiff was even ordered by any person to climb the pole at that time. It will be for you, as the jury, to determine from all the evidence which you have heard whether in fact either of these situations existed and if you determine that either or both did exist, it will be for you, as the jury, to determine whether the existence of that condition or of both conditions constituted negligence on the part of the defendant, as I have explained that term to you, which was a cause of

the plaintiff's fall and resulting injuries either in whole or in part."

Defendant's claim of error in the foregoing language is two-fold: first, that there was no evidence to justify the Court's use of the word "rotten"; and secondly, that the Court did not specifically instruct the jury that any question of defendant's negligence in furnishing plaintiff with defective climbing equipment was no longer before it.

▮ This contention warrants only the briefest discussion. The Court has grave doubt as to whether there was any prejudicial error in the charge. However this may be, counsel for the defendant, although provided with full opportunity to do so, submitted no request to charge, nor did he object in any respect to the charge as given before the jury retired to consider its verdict. These are fatal omissions under Fed.R. Civ.P. 51. Callwood v. Callwood, 3 Cir., 1956, 233 F.2d 784, 788; Kieffer v. Blue Seal Chemical Co., 3 Cir., 1952, 196 F.2d 614, 615–616; Stilwell v. Hertz Drivurself Stations, Inc., 3 Cir., 1949, 174 F.2d 714. In fact, this seems to be the very type of case for which Rule 51 was designed, for if counsel's present objections had been called to the Court's attention at the time of trial, any possible error or ambiguity in the charge as given could have been readily corrected or clarified by the Court. Kieffer v. Blue Seal Chemical Co., supra. In the view of this Court, a reading of the entire charge as given discloses no error. It certainly reveals no such fundamental error as to obviate objections and to require correction at this late date in order to avoid a gross miscarriage of justice. See Callwood v. Callwood, supra. Cf. Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 1956, 234 F.2d 253. Compare Montgomery v. Virginia Stage Lines, 1951, 89 U. S.App.D.C 213, 191 F.2d 770.

▮ Defendant makes the extraordinary argument that its motion for a directed verdict at the close of all the evidence served the purpose of an objection pursuant to Rule 51 to the failure of the Court expressly to take from the jury any question of defective climbing equipment. That motion merely requested that the Court direct the jury to return a verdict for the defendant on the issues of negligence raised by the pleadings. *One* of the grounds assigned for taking the case away from the jury was that there was no evidence that the climbing equipment was defective. The Court denied the motion because there was evidence of negligence in other respects. Defendant's argument confuses the functions of Fed.R.Civ.P. 50 and 51. The mere insertion of one ground in a motion for a directed verdict cannot be regarded as a request for a negative instruction to the jury, or as an objection to an instruction as given. Cf. Miller v. New York Central R. Co., 7 Cir., 1956, 239 F.2d 10, 13.

▮ 5. The Court can see no merit in the defendant's contention that the question submitted by the jury to the Court after it had retired indicated a misunderstanding by the jury of the issues before it, or that its verdict was capricious.

The record shows that after the jury had been deliberating for some eight hours, the following written inquiry was submitted by the foreman in open court:

"Did the R.R. offer this man a limited job after the hospital released him as able for that type work?"

After consultation with counsel, and with their approval, the Court replied, also in open court, as follows:

"Counsel have agreed that the Court might answer the question as follows: The Court's recollection of the evidence and testimony, in which counsel concur, is that there is no evidence in this record as to whether or not the railroad offered this man a limited job after the hospital released him as able for that type work. In other words, the Court's recollection of the evidence, and of course it is your recollection of the evidence which is controlling—but the recollection of the Court, in which counsel concur, is that there is

no evidence in this record one way or the other upon that question."

The record then shows the following colloquy between the Court and counsel:

"[The Court]: Is that statement satisfactory, gentlemen?

"Mr. Martin: Yes, your Honor.

"Mr. Feeney: Yes, it is, your Honor."

Without endeavoring to speculate as to the relevancy of the jury's question upon the issue of damages, it is sufficient to note that counsel for the defendant was provided with full opportunity to object to the Court's statement, or to request a supplementary statement if he felt further comment was desirable. He did not do so, and as a result is precluded from raising this objection at this late date. Fed.R.Civ.P. 46 and 51. See Patton v. Baltimore & O. R. Co., D.C.W. D.Pa., 120 F.Supp. 659, 669, affirmed per curiam, 3 Cir., 1954, 214 F.2d 129. Compare Smith v. Ellerman Lines, 3 Cir., 1957, 247 F.2d 761; Snyder v. Lehigh Valley R. Co., 3 Cir., 1957, 245 F.2d 112.

■ 6. After a careful review of the record, the Court also finds without basis defendant's contention that plaintiff's counsel used improper trial tactics and argument with respect to the failure of the defendant to produce an adequate photograph showing the condition of the pole involved in the accident.

Neither party produced at the trial a clear photograph of the surface of the pole from which plaintiff fell. The tactic about which defendant now complains is that plaintiff's counsel obtained from one of defendant's supervisory personnel an admission that the pole was still available and within the defendant's control. In his closing argument, he then argued to the jury that it might infer from the defendant's failure to produce a satisfactory photograph of the pole that such a photograph would have shown that the pole was so cut up as to have been unsafe for climbing.

■ Plaintiff's counsel merely took advantage of the recognized evidentiary principle that when a party has

failed, without explanation, to produce material evidence which is available to that party, and it would naturally be to the interest of that party to produce such evidence, the jury may infer that the evidence if produced would have been unfavorable to that party. See Interstate Circuit, Inc. v. United States, 1939, 306 U.S. 208, 225, 59 S.Ct. 467, 83 L.Ed. 610; Stoumen v. Commissioner, 3 Cir., 1953, 208 F.2d 903, 907. Furthermore, defendant in no way called to the Court's attention during the course of the trial any objection it might have had to the tactics or argument of which it now complains. Fed.R.Civ.P. 46. Nor did defendant's counsel note any objection to, or request any amplification of, that portion of the Court's charge in which the jury was instructed as to the manner in which it should view this evidence. Fed.R.Civ. P. 51. Defendant was represented by skilled and experienced counsel, and the Court is satisfied that plaintiff's counsel took no unfair advantage of him.

For the reasons stated, an order will be entered denying both of defendant's motions.